# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HERMAN HAWKINS v. COMMONWEALTH.

January 17, 1924.

Absent, Burks, J.

1. INTOXICATING LIQUORS—*Possession of Still—Necessity of Intentional Violation to Jail Sentence.*—Section 21½ of the prohibition act of 1918 (Acts 1918, page 594, et seq.)—remaining unchanged in Acts 1922, page 573—and section 5 of the same act of 1918—which also remained unchanged in Acts 1922—when read together, make an intentional violation of the provision of the act of which the accused is charged, an essential ingredient of the offense, where the offense charged is that created by section 21½ aforesaid, of having in one's possession a still, in order to authorize the imposition of a jail sentence for such offense.

2. INTOXICATING LIQUORS—*Possession of Still—Intentional Violation—Exclusion of Evidence Tending to Corroborate Testimony of Accused that the Violation was Unintentional.*—In a prosecution for a violation of the prohibition act in having possession of a still, it was error to exclude the testimony of witnesses offered by the accused, which tended to corroborate the testimony of the accused on the subject of whether his conduct constituted an unintentional violation of the act.

3. INTOXICATING LIQUORS—*Prohibition Act—Unintentional Violation—Questions of Law and Fact.*—In a prosecution for having possession of a still, the credibility of the testimony of the accused on the subject of whether the violation was unintentional and of testimony corroborating him, was for the court, under section 5 of the prohibition act. If the court is not satisfied after hearing such testimony that the violation of the act in question was unintentional, the court should properly refuse an instruction to the effect that the jury could not impose a jail sentence, but before deciding that question the court should consider the corroborating evidence.

4. INTOXICATING LIQUORS—*Possession of Still and Appliances—Instructions.*—Where accused was found guilty only of having in his possession a still, the refusal of an instruction that in order to be guilty of unlawfully owning or possessing appliances connected with a still it must be proved that the appliances were being used in the manufacture of ardent spirits, was not reversible error.

5. Intoxicating Liquors—*Substances Capable of Being Used in the Manufacture of Ardent Spirits—Barrel and Jug.*—In the instant case there was found on the premises of accused a barrel capable of being used as a mash barrel and also an empty five-gallon jug.

   *Held:* That these were not "substances" capable of being used in the manufacture of ardent spirits within the meaning of section 21½ of the prohibition act (Acts 1918, page 594).

6. Intoxicating Liquors—*Possession of Still or Appliances—Section 21½ of the Prohibition Act—"And Used."*—Section 21½ of the prohibition act (Acts 1918, page 594) provides that it shall be unlawful for any person to have "in his possession any still, still cap, worm, tub, fermenter, or any of them or any other appliances with a still and used, or mash or other substances capable of being used, in the manufacture of ardent spirits, unless," etc.

   *Held:* That the language of the statute "and used" has reference only to appliances connected with a still, and not to the still itself.

7. Intoxicating Liquors—*Possession but not Use of Still.*—The possession of a still constitutes an offense under section 21½ of the prohibition act (Acts 1918, page 594), regardless of whether it was or was not used in the manufacture of ardent spirits.

Error to a judgment of the Circuit Court of Princess Anne county.

*Reversed and remanded for a new trial.*

The verdict of the jury found the accused "guilty of having in his possession a still," and fixed his punishment at "one month in jail and a fine of fifty dollars." The judgment under review was entered accordingly.

Certain facts and evidence are certified in the record before us, together with the position of the attorney for the Commonwealth and the accused and the action of the court with respect to a portion of such evidence, as follows:

"The premises of Herman Hawkins, of Princess Anne county, Virginia, were searched by county officers, after the issuance of a proper search warrant, within twelve months of the finding of the indictment against the said Herman Hawkins, to-wit:

"February 15, 1923, in the henhouse of Herman Haw-

kins was found a boiler, doubler and worm, which was disconnected, or 'knocked down' and partly covered with dust and some hen manure.   In this barn was found a barrel capable of being used as a mash barrel and also an empty five-gallon jug.   The defendant stated that he, with several friends, were out hunting some time prior to the locating of the above apparatus in his henhouse by the officers, and had found the apparatus and carried it home to use for heating water and other necessary things around his home; that he had never seen such devices before and was totally ignorant as to what the apparatus was.   The barrel and jug being used for domestic purposes around the home. That the general reputation of the defendant for violating the prohibition law was bad.

"* * * * the defendant offered to introduce the following evidence, to-wit:

"The testimony of witnesses other than the defendant to corroborate the testimony of the defendant as to how the defendant came into possession of this apparatus, etc., and remarks of the defendant as to what he intended doing with the said apparatus.

"Whereupon the attorney for the Commonwealth insisted that the said evidence so offered by the defendant was not admissible in law upon said issue, and moved the court to exclude the same, which motion the court sustained."

The trial court refused to give the following instructions offered by the accused:

No. 2. "The court instructs the jury that, in order to be guilty of unlawfully owning or possessing appliances connected with a still, it must be proved by the prosecution that the appliances were being used in manufacturing ardent spirits."

*    *    *    *    *    *    *    *    *    *

No. 3. "Upon the subject of the guilt or innocence of the said defendant, the court expressed no opinion, but, if the jury should believe from the evidence that the defendant is guilty of the offense charged in the indictment, then the jury are instructed that, under the law, they cannot impose a jail sentence for the reason that the court is of the opinion that in no aspect of the case does it appear that there has been an intentional violation of any provision of the prohibition act, and, in such case, the law requires that I should instruct you as I do."

The only assignments of error are that the court below erred in refusing to give the aforesaid instructions and in sustaining the objections of the attorney for the Commonwealth to the evidence corroborating the testimony of the defendant as to how he came into possession of the apparatus, etc., and his intended use thereof.

*Roy Smith*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The questions raised by the assignments of error will be disposed of in their order as stated below.

[1] 1. Do sections 21½ of the prohibition act of 1918 (Acts 1918, page 594, *et seq.*)—remaining unchanged in Acts 1922, page 573—and section 5 of the same act of 1918—which also remained unchanged in Acts 1922—when read together make an intentional violation of the

provision of the act, of which the accused is charged, an essential ingredient of the offense, where the offense charged is that created by section 21½ aforesaid, of having in one's possession a still, in order to authorize the imposition of a jail sentence for such offense?

The question must be answered in the affirmative.

Section 21½, standing alone, does not, we think, make the intentional violation in question an essential ingredient of the offense in question in order to authorize a jail sentence. But said section 5, so far as material, provides as follows:

"* * *   where upon the trial of any charge of violation of this act, if it shall appear to the court trying the case that there has been no intentional violation of any provision thereof, but an unintentional or inadvertent violation thereof, then such court shall instruct the jury that they may not impose a jail sentence."

This language applies to the whole act, and, hence, necessarily applies to the aforesaid offense created by section 21½ of the act.

[2, 3] We are of opinion, therefore, that the learned trial court was in error in excluding the testimony of witnesses offered by the accused, which, as appears from the record before us, tended to corroborate the testimony of the accused on the subject of whether his conduct constituted an unintentional violation of the provision of the act in question. On this subject the accused testified that "he had never seen such devices before and was totally ignorant as to what the apparatus was." Now, of course, the credibility of this testimony of the accused, and of the corroborating testimony also, was for the court, under section 5 aforesaid, and if the court was not satisfied after hearing such testimony that it appeared therefrom that the violation of the act in question was unintentional, the court properly would

and should have refused instruction No. 3. But before the court decided that question, it should have considered the corroborating testimony mentioned, and we think it was reversible error for the court not to have done so, and to have excluded it as inadmissible as a matter of law, as it did.

[4] 2. Was the action of the court in refusing to give instruction No. 2, offered by the accused, reversible error?

The question must be answered in the negative.

The accused was found guilty only of having in his possession "a still," not of having in his possession "any other appliances connected with a still and used * * * in the manufacture of ardent spirits," although the latter, it is true, is also an offense created by section 21½ of the act.

That section, so far as material, is as follows: "It shall be unlawful for any person, except (etc.) * * * to * * * have in his possession any still, still cap, worm, tub, fermenter, or any of them, or any other appliances connected with a still and used, or mash or other substances capable of being used, in the manufacture of ardent spirits, unless (etc.) * * *."

[5-7] The facts certified are that there was found in the henhouse of the accused "a boiler, doubler and worm, which was disconnected or 'knocked down.' We do not know whether, as a matter of fact, such parts constituted "a still," but the jury by their verdict found that they constituted a still, and there is no assignment of error challenging that finding; so that we must take that fact as concluded by the verdict. There was also a barrel "capable of being used as a mash barrel and also an empty five-gallon jug" found in the barn. We are of opinion that these were not "substances" capable of being used in the manufacture of ardent spirits

within the meaning of the statute, but as the verdict of the jury did not embrace the possession of these articles, they may be discarded from further consideration. The language of the statute "and used" has reference, we think, only to "appliances connected with a still," and not to the still itself, which according to the verdict of the jury in the instant case the accused had in his possession. And we are of opinion that the possession of the still constituted an offense under the statute, regardless of whether it was or was not *used* in the manufacture of ardent spirits.

However, for the reasons stated in connection with the consideration of the first question mentioned above, the case will be reversed and a new trial awarded, to be had not in conflict with the views expressed in this opinion.

*Reversed and remanded for a new trial.*