# PERKINS v. STATE.*

(Division A.　Feb. 15, 1926.)

[107 So. 15.　No. 24863.]

INTOXICATING LIQUORS. *Lard can and iron pipe held not integral parts of still, in absence of evidence indicating that they are in fact such.*

Articles in ordinary use, such as a lard can and an iron pipe, cannot be held to be integral parts of a still, in the absence of evidence indicating that they are in fact such.

*Corpus Juris-Cyc. References; Intoxicating Liquors, 33 C. J., p. 759, n. 96.

APPEAL from circuit court of Madison county.

HON. W. H. POTTER, Judge.

Jack Perkins was convicted of having possession of an integral part of a still, and he appeals. Reversed and remanded.

*H. B. Greaves,* for appellant.

There is not sufficient evidence on which to convict the defendant. The only evidence which the state could possibly rely on for the conviction of the defendant is the finding of the can which Mr. Owens says appeared to have been on the fire and had mud daubed on the top around a round hole and the finding of the iron pipe. They did not even find the usual hog trough with a hole at each end in the hog lot; they did not find a particle of mash even in a slop barrel sitting at the kitchen window, which had for the delicately attuned nostrils of the deputy sheriffs a decided odor of whiskey; they did not find a drop of whiskey in the house; no bottles or containers on the place, and nothing to indicate whatever that a still had been run by the defendant, except the old lard bucket and the iron pipe. The evidence offered is not sufficient to convict. *Cook* v. *State,* 94 So. 161, not officially reported; *Lambert* v. *State,* 94 So. 162, not officially reported; *Williams* v. *State,* 98 So. 107, not officially reported; *Lem Williams* v. *State,* 99 So. 341, not officially reported.

I urged the court to read the testimony. Read the frank, open statement of the negro, in which he states how he got the can, where he got it, where he put it. I submit that the testimony in this case could not possibly raise anything but the slightest suspicion against the defendant. The court should have excluded the evidence and granted a peremptory instruction.

*J. L. Byrd,* Assistant Attorney-General, for the state.

The evidence in this case shows beyond a doubt, and, in fact, it is admitted by the appellant, that he had this

141 Miss.—41.

lard can with the hole in the top which had been daubed with mud, the iron pipe which smelled loudly of whiskey, and the other end of the pipe which also showed signs of having been daubed with mud. We submit that from this evidence the jury was fully warranted in believing that the appellant knowingly had in his possession the integral parts of a still. The cause should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for having an integral part of a still in possession, the possession of which is prohibited by chapter 245, Laws of 1924. The evidence, in substance, is as follows:

A deputy sheriff, pursuant to a warrant therefor, searched appellant's premises, and found thereon a one hundred-pound lard can, with mud daubed around the edges of the top "to keep," in the language of the witness, "the steam from escaping;" two or three lard can tops, one of which fitted the one hundred-pound can, and which had a hole in the center around which mud had been daubed; and a piece of iron pipe, the length of which does not appear. These articles were not found together, but all were on the appellant's premises. The pipe "smelled strongly of whisky," but no such odor was emitted from the can or tops. There was no evidence that these articles were or could be used as parts of a still, except a statement, which one of the witnesses said the appellant had made to him, to the effect that he knew they had been used for a still. The appellant testified that he found the articles in hauling staves out of a swamp; that he brought them home, and, in his language, "throwed it off at a wood pile, and did not try to hide it." He disclaimed any knowledge of their having been used as parts of a still.

One of the assignments of error is that the evidence is insufficient to support the verdict. It is true that a lard can may be used as a boiler for and an iron pipe for another part of a crude still, but neither of them are

specially designed therefor and are in common use in many if not most homes for other purposes. When such articles are actually integrated into a still, though a crude one, they are, of course, integral parts of such still; but whether they are such before being integrated into a still or remain such after the still is dismantled, and they are removed therefrom, depends on circumstances, the effect of which must be determined as each case arises.

There is no evidence here which would warrant a holding that this lard can and pipe were suitable for or had been used as integral parts of a still, except, probably the evidence of the appellant that he found them in a swamp, and his extrajudicial statement that he knew they had been so used. The former is insufficient and the latter can be taken into consideration only after the *corpus delicti* has been otherwise established.

The judgment of the court below will be reversed, and the case remanded.

*Reversed and remanded.*