# HOLLEY *v.* STATE.*

(Division B. Jan. 31, 1927.)

[111 So. 139. No. 26110.]

1. CRIMINAL LAW. *Judge determines facts in reference to admissibility of evidence whose competency depends on preliminary proof: if evidence and facts conflict, judgment will not be disturbed where facts found by trial judge sustain admissibility of evidence; in prosecution for possessing intoxicating liquors, evidence that search warrant was timely served held to render evidence secured admissible.*

   When the admissibility of evidence depending upon preliminary proof for its competency is offered, the judge determines the facts in reference thereto, and if the evidence and facts are conflicting, the judgment will not be disturbed where the facts found by him sustain the admissibility of the evidence.

2. INTOXICATING LIQUORS. *In prosecution for possessing liquor not described as wine, defendant must show that it comes within statute excepting homemade wine; all intoxicating liquor becoming such by its own fermentation is not excepted from Prohibition Law as wine.*

   In a prosecution for unlawful possession of intoxicating liquor, if the liquor is not described as "wine" within the meaning of the statute excepting homemade wine from the criminal purview of the statute, it devolves upon the defendant to show that it comes within such exception. All intoxicating liquor that becomes such by its own fermentation is not excepted as wine.

3. INTOXICATING LIQUORS. *Possession of liquor, not exclusive but with right of control, is illegal.*

   In a prosecution for the unlawful possession of intoxicating liquor, it is not necessary to prove exclusive possession, but if defendant was in possession with the right of control at the time, this is sufficient.

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 571, n. 93; p. 926, n. 63; 17 C. J., p. 242, n. 47; Intoxicating Liquors, 33 C. J., p. 578, n. 83; p. 585, n. 97; p. 747, n. 55.

APPEAL from circuit court of Itawamba county.

HON. C. P. LONG, Judge.

Ben Holley was convicted of the possession of intoxicating liquor, and he appeals.   Affirmed.

*J. H. Brown,* for the appellant.

Defendant, appellant, attempted to show that the search warrant was executed after the return day and was void.   The evidence on this point was sharply contested.   The court ruled that this was a question of fact to be determined by the court and should not go to the jury, to which ruling the defendant excepted.

I.   The court erred in not permitting this question of fact to be passed on by the jury.   If this search warrant was served after the return day, it was void. See *Taylor* v. *State,* 102 So. 267.   And if the search warrant was void, then the evidence was not admissible.   *Tucker* v. *State,* 128 Miss. 211; *Owens* v. *State,* 133 Miss. 753.

The question to be solved by this court is whether this is a question of fact for the jury or for the court to pass upon in determining the admissibility of the evidence.   I have carefully searched for authority on this point and I fail to find where this case has been passed upon by the court.

This case differs from *McNutt* v. *State,* 108 So. 721, because in that case the main question discussed was the question of probable cause and the court has correctly said that this was the question to be determined by the court and must be solved before a search warrant can be issued.   I submit that the court erred in its ruling concerning the above question.

II.   Now if the court should find that the lower court was correct in its holding, then I maintain that the evidence offered by the state does not warrant the court's finding.

III. The court erred in giving an instruction for the state which instruction disregards the right of an individual to use his fruits in making any kind of wine, beer ·or anything that it might be called, where the same is made by its own natural fermentation. See *Step* v. *State,* 95 So. 838.

If this instruction is correct, then the case of *Step* v. *State,* must be overruled.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I. The defendant objected to the testimony secured by the search warrant on the ground that it was not executed until its return date had expired. He insisted that the proof with reference to the time the warrant was executed be made before the jury and that the jury pass upon the question as to whether or not the search warrant was actually executed on the eleventh or twelfth day of December. The trial court held that it was a question of the admissibility and competency of the testimony to be decided by the court on proof taken by the parties.

The court found as a matter of fact that the search warrant was executed on December 11, its return date, and that the testimony secured by the search under it was competent and admissible. See *McNutt* v. *State,* 108 So. 721, where if the court found the sheriff had probable cause for believing McNutt had intoxicating liquor in his car, then the search without a warrant was legal and the testimony secured thereby competent and admissible.

In the case at bar if the search warrant was actually executed on December 11, 1925, then the testimony was competent and admissible. If as a matter of fact it was not executed until December 12, 1925, then the testimony was incompetent and inadmissible. The inadmissibility and competency of testimony is always a question of

law to be judicially determined by the court. The weight and credibility of testimony is a question of fact to be determined by the jury.

II.  Counsel for appellant contends that even though the admissibility of this testimony was a question for the court, on the testimony before him he committed error in finding that the search warrant was executed on December 11. The judge as a trier of fact certainly has a right to take into consideration his knowledge of the witness.

III.  The defendant contends that the granting of instruction for the state was error and cites *Step* v. *State,* 95 So. 838; but see section 11, chapter 189, Laws of 1918, and paragraph 4, section 12 of said act.

This instruction was correct for two reasons; (1) The officers testified that the liquor was "home brew" or "beer" and that it was intoxicating. If it was beer or home brew, it was not wine. In the Step case the testimony showed that the liquor found in Step's home was home-made wine and raisins and grapes in the process of fermentation. Wine is the fermented juice of grapes. *Caswell* v. *State,* 21 Tenn. 402; *Hilton* v. *State,* 31 So. 563 (Ala.); *Smith* v. *State,* 19 Conn. 493; *Schwab* v. *People,* 4 Hun 520. See also Words and Phrases Judicially Defined, Series Old and New.

(2)  Because the statute, as hereinbefore quoted, places upon the defendant the burden of proof to show that the liquor in his possession came within one of the exceptions provided in said section.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was convicted of having intoxicating liquors in his possession and sentenced therefor, and appeals from said judgment to this court.

The evidence was obtained by means of a search warrant. When the evidence was offered, it was objected to on the ground that the warrant was void because it was served after the expiration of the return day.

While the case was being tried, the defendant tried to show this to be true before the jury, but the court held that it was a question for the court to decide, and that the jury had nothing to do with the competency of the evidence, and offered to hear all of the evidence upon the point in the absence of the jury, and the evidence was, thereupon, produced before the judge and was conflicting. Some of the witnesses testified that the warrant was served at eleven o'clock on the return day while it was a valid and existing warrant. Some of appellant's neighbors testified that the search was made after twelve o'clock on the return day, the different witnesses giving time varying from twelve-fifteen to one-thirty at night. The judge, in ruling upon the admissibility of the evidence, stated that he was acquainted with the witnesses and knew their records, and that he believed the testimony of the officers that the warrant was served before midnight.

The appellant contended that the jury should have been allowed to pass upon the question of validity of the warrant as a question of fact, and if they found as a fact that it was served after midnight, they should have been allowed to return a verdict of not guilty upon that ground.

We held in the case of *McNutt* v. *State,* 108 So. 721, that the question of competency of the evidence, or whether there was probable cause in the search of an automobile without a warrant, was a question for the decision of the judge.

It is familiar learning that in admitting dying declarations and confessions, their admissibility is for the judge to decide, and we know of no law in this state which authorizes a jury to pass upon facts as to admissibility of

evidence. They may, of course, take the facts into consideration, where they are pertinent as to whether the evidence is true in fact or not. But that rule does not seem to be applicable to this case, as there is no doubt as to the fact of the liquors being possessed, as they were found in the possession of the defendant by the search which followed.

It is also insisted that the court erred in giving the following instruction:

"The court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt that the defendant had in his possession a compound called 'beer' or 'home brew,' and that said 'beer' or 'home brew' was intoxicating liquor, at the time and place, and in the manner and form, as charged in the indictment, then you should find the defendant guilty as charged."

It is suggested that the statute allows parties to make and have possession of wine fermented from the juice of fruits, so long as same will only ferment by its own fermentation, and that this should have been submitted to the jury as a hypothesis in that instruction. There is no evidence to disclose how the home brew or beer was made, or what its ingredients were. The witnesses testified that they found the home brew or beer in the home of the appellant, and that it was intoxicating. It does not appear to have been wine, and as it is to come within the exception of the statute, the defendant should have so shown. It is not permissible to manufacture intoxicating liquors which ferment by their own fermentation through the laws of nature in all cases. Domestic wine alone is excepted, and there is nothing to suggest in the evidence that the intoxicating liquor here involved is a wine.

Appellant also complains that the court refused the following instruction:

"The court instructs the jury for the defendant that the state must prove, beyond a reasonable doubt and

to a moral certainty, that the defendant was the original possessor of the liquor in question, controlled it, or owned it with the present right to deal with it to the exclusion of every other person, or in such a condition of facts under which one can exercise power over same at his pleasure, to the exclusion of all other persons.''

The judge noted the following on this instruction:

''Refused because law does not require exclusive possession and control.''

We think the refusal was proper. The instruction, when first given, was modified by the court to read as follows:

''The court charges the jury for the defendant that the state must prove beyond a reasonable doubt and to a moral certainty that defendant was in the possession of the liquor in question, controlled it or owned it, with the present right to deal with it and control it at his pleasure,''—which instruction correctly gave the law applicable to the possession involved, but after this was so modified, the original instruction was re-asked and was refused as above stated.

We find no reversible error in the record, and the judgment of the court is therefore affirmed.

*Affirmed.*