JONES *v.* STATE.*

(Division B.   Dec. 3, 1928.)

[119 So 174.   No. 27583.]

*Corpus Juris-Cyc References: Breach of the Peace, 9CJ, section 25, p. 394, n. 36; Intoxicating Liquors, 33CJ, section 198, p. 585, n. 97.

*Goss & Goss,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J.   At the June, 1928, term of the circuit court of Marion county, Pete Jones (known also as Sydney Jones) was convicted on a charge of unlawfully having in his possession intoxicating liquor, and sentenced to pay a fine of five hundred dollars and serve thirty days in the county jail, and was also required, by order of the court imposing the sentence, to give a peace bond in the penal sum of two thousand five hundred dollars for good behavior for a term of two years, and from this conviction and the sentence imposed he has prosecuted this appeal.

It appears from the evidence that the sheriff had information that the appellant was transporting intoxicating liquor in a car, and, with his deputy, stationed himself on the roadside to intercept appellant and search his car.   When Jones and his companion in the car neared the place where the officers had stationed themselves, one of the officers testified that he "jumped in the road to stop them and they tried to run over me" whereupon he (the officer) fired upon the car and punctured the casings, pursued and overtook the appellant and his companion some little distance ahead; that as he was about to overtake them, appellant stepped out of the car with a jug in his hand and placed the jug in a field near by; that, he arrested the appellant, and located a jug containing liquor at the point where appellant deposited

the jug which he had taken from the car. This evidence was introduced on the trial, and there is no assignment of error predicated thereon, but the following instruction was refused the appellant by the court, and is assigned for error: "The court instructs the jury for the defendant that the state of Mississippi must prove beyond a reasonable doubt and to a moral certainty that the defendant was in possession of the liquor in question, that he controlled it, owned it and had exclusive dominion over it, with the present right to deal with it at his pleasure, and if the state of Mississippi has failed to do this, then it is your duty under the law to return a verdict of 'not guilty.' "

It is not the law that defendant have exclusive possession of the liquor or own it—this was decided in the case of *Holley* v. *State*, 144 Miss. 726, 111 So. 139. It was not error, therefore, to refuse the said instruction.

It is also complained that the requirement of a two thousand five hundred dollar bond was excessive and oppressive, and the case of *Jones* v. *State*, 146 Miss. 819, 112 So. 170, is relied upon to sustain this assignment. In the Jones case, it was held that:

"An appeal bond for a misdemeanor from a justice court to the circuit court in from one hundred to five hundred dollars, and, in case of violation of the liquor law, a bond of one thousand dollars may be required. In criminal cases, an appeal bond, under section 62, Code of 1906 (Hemingway's Code, section 38), from the circuit court to the supreme court, to stay the judgment or sentence appealed from, is required in double the estimated amount of costs accrued and likely to accrue in the case in event the judgment be affirmed. Under section 41 of Hemingway's Code (section 65, Code of 1906)—'in all cases of conviction of a misdemeanor, an appeal taken shall stay the judgment appealed from; and the appellant, if sentenced to imprisonment for his offense, or to stand committed until his fine and costs shall be paid,

may be relieved from such imprisonment or commitment, pending his appeal, by giving bond, with sufficient resident sureties or one or more guaranty or surety companies authorized to do business in this state, to be approved by the clerk of the court from which the appeal is taken, payable to the state in the penalty of not less than one hundred dollars nor more than one thousand dollars, to be determined by such clerk, with reference to the grade of the offense, as indicated by the judgment, and the ability of the appellant to give bond,' etc.

"These sections indicate the public policy with reference to the amount of bond required in this state to appeal from a judgment, and it seems that, in a misdemeanor, the requirement to give a bond for good behavior should not be in excess of the amount that would stay the judgment in case of an appeal from an offense from the circuit court to the supreme court."

In that case, as in this, the peace bond required by the circuit court was two thousand five hundred dollars; but in that case, a *habeas corpus* proceeding was taken before the chancery court to reduce the peace bond, because of inability to give it, and it was reduced by the chancellor to one thousand dollars, which judgment was upheld on appeal from the *habeas corpus* court. We think the bond here, under the decision in the *Jones case, supra,* is excessive, and, to that extent, the judgment of the court below will be reversed, and the bond fixed at one thousand dollars, conditioned in all other respects as the order of the circuit court; but the judgment of conviction of the crime and the penalty imposed as punishment therefor will be affirmed.

*Affirmed in part, and reversed in part.*