# Richmond

W. L. MOORE v. COMMONWEALTH OF VIRGINIA.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Gilbert L. Diggs,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

W. L. Moore was indicted, tried by a jury and convicted for driving an automobile under the influence of intoxicants, and his punishment fixed at a fine of $100.00 and confinement in jail for a period of thirty days. The trial court entered judgment upon the verdict which is now brought in question before this court upon a writ of error.

The facts are not in dispute. Moore drove his automobile from his home to the county seat and while there met two friends who invited him to accompany them to a place where they could secure some "home brew." When they arrived they ordered their drinks and Moore drank three bottles of "home brew" and very soon thereafter he became intoxicated. Later he was seen driving his automobile upon the public highway while under the influence of the intoxicant, and subsequently he drove his car into a ditch along the side of the road where he was found by the sheriff in a state of insensibility as to his condition or surroundings. The sheriff arrested him and carried him to a justice of the peace who issued a warrant charging him with the offense referred to. The case was tried and resulted in the conviction, as has been indicated.

There is one assignment of error. It is addressed to the refusal of the court to give the following instruction: "The court instructs the jury that although they may believe from the evidence beyond a reasonable doubt that the defendant, Moore, is guilty of driving a car on the public highways of Mathews county while under the influence of

intoxicants, yet if they further believe that such violation of law was an unintentional and inadvertent violation of law, then the jury may, in their discretion, omit the jail sentence in this case."

This instruction was offered because Code, section 4675 (6), provides in part that upon the trial of cases involving the violation of prohibition laws, with certain exceptions, if it shall appear to the court trying the case that there has been no intentional violation of any provisions thereof but an unintentional or inadvertent violation thereof, the jury may in their discretion omit the jail sentence.

The evidence relied upon to justify the granting of the instruction is the accused's own testimony. He testified that he had no intention of violating the prohibition laws and that he did not know that "home brew" was intoxicating; that he had drunk "home brew" many times prior to this occasion in like or larger quantities and it had not intoxicated him; that he did not remember driving his automobile on the occasion in question and that he would not have driven it if he had been conscious of what he was doing.

Counsel for the accused earnestly contend that under the authority of *Hawkins* v. *Commonwealth,* 138 Va. 751, 120 S. E. 854, the trial court should have granted the instruction. That case was decided before the amendment to Code, section 4675 (6). It was tried under the prior act of 1918 and involved the possession of a still. The accused there claimed that he did not know what a still was, and he offered testimony, in addition to his own, to show that fact, which the trial court refused to hear, and this court in its opinion held that such evidence should have been admitted. That case is not controlling here because the facts were wholly different and there was sufficient evidence to justify the holding of the court.

Code, section 4675 (25), provides that driving an automobile under the influence of intoxicants shall be a violation of law, and prescribes the punishment. The evidence was not sufficient to warrant the granting of the

instruction in question. There was no evidence, other than his own, which even tended to show that the accused unintentionally and inadvertently violated the prohibition law. The evidence discloses the fact that he chose to drink "home brew" to such an extent as to cause intoxication.

In the brief of the Attorney-General is found this apt and appropriate statement: "In this case we have an accused who originally is cognizant of his surrounding circumstances; he voluntarily drinks himself into a state of insensibility and, while in that state, he drives an automobile to the extreme jeopardy of every person who may be on the road, and he now seeks to escape the penalty for his act by stating that he had placed himself in a condition in which he did not intend to do anything that he did do."

The law does not permit one to "implead and rely upon his own wrong to absolve him from the imputation of crime."

The court is of the opinion, for the reason stated, that the trial court did not err in refusing the instruction offered, and its judgment is affirmed.

*Affirmed.*