## GRICE v. STATE.

(Division B. Oct. 30, 1933.)

[150 So. 659. No. 30824.]

**J. W. P. Boggan,** of Tupelo, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant was convicted under an indictment charging him with a violation of the statute (Code 1930, section 1993) making it a penitentiary offense to have in possession the integral parts of a distillery commonly called a "still." The articles which are here alleged to be the unlawful integral parts were a milk can, commonly used for carrying milk, a lid or cap which would fit that kind of a can, and a discarded gas line pipe which was shown to have been theretofore taken from a Ford car in making repairs to the car. The lid or cap was found in the edge of the woods, not on appellant's premises but not far therefrom; the gas line pipe was found in the loft where appellant's wife had placed it shortly after it was removed from the Ford car in making the repairs to the car; and the can, filled with peanuts, was found in the kitchen. The can was partly daubed with mud and so was the lid, which had a hole which was said to fit the small gas line pipe, but the latter carried no signs of mud or the like. So far as the evidence shows, no intoxicating liquor was found on the premises; appellant and his wife denied that the parts aforesaid had ever been used as a still, and there was no testimony, direct or circumstantial, that the said parts had been or could be so used except the inferences or supposition which arose out of the physical appearances which indicated the possibility that use of them as parts of a rude still had been made, although such a use must have been difficult and inefficient, especially if the extremely small Ford gas line pipe was used as a substitute for a worm.

The officers testified that the can smelled of liquor, but numbers of the neighbors who frequently visited appellant's home testified—and that testimony is undisputed

—that this can was commonly used by appellant's wife for heating water and for like purposes in her housekeeping duties, and that it was so used not only on the inside of the kitchen but was sometimes used for such purposes on the outside on the ground. While admitting the possibility that the can and the other parts in question could be used as parts of a still, all these witnesses strongly supported by their testimony, and by the various pertinent facts disclosed in that testimony, all without dispute, the conclusion of improbability that the said parts were used as a still, or, if so, that such use ever got or could successfully get beyond the experimental stage.

When in a case there are the parts which were made for a still and which by their nature and character are known to have been designed for that purpose, and no other, there is no danger or serious difficulty in sustaining a conviction when the proof is made that the accused actually had such articles in his possession. And, as an original proposition, it might properly have been held that these were the integral parts against which the statute pronounced, and that it was never intended to include those articles of domestic utility which are commonly used in and around the homes and premises of the people everywhere. The statute has been construed, however, to include the common articles of ordinary domestic use; but in order that in a particular case such articles shall be brought within the statute, the proof must be strict and the facts applied with the utmost circumspection and caution, otherwise there would be danger of converting the statute into an instrument of injustice and oppression. In order that articles of common domestic use may be brought within the statute upon the charge that they are the integral parts of a still, it must be shown, either that they have been used in and for the successful production of intoxicating liquor, or that they are about to be so successfully used. Manifestly, in order that the possession of such articles of common and everyday use shall become obnoxious to the law it is not enough to show that such articles are capable of some

sort of use as parts of a still for the production of intoxicating liquor; but the evidence must go further and show that the possibility of that use will be in some such efficient measure of success as to introduce some reasonable apprehension that the unlawful use will be undertaken or renewed in the future. The proof does not measure up to that requirement in this case.

Having in mind the dangers involved in convictions under this statute when articles of general use in and around the domestic establishments of the people are the articles upon which the charge is founded, this court has been reluctant to allow convictions in such cases to stand except upon evidence which will reasonably permit of no other result than a verdict of guilt. An illustration of the attitude of this court on that question is found in Perkins v. State, 141 Miss. 640, 107 So. 15, a case wherein the facts are very similar to those in this case. The facts in this case, when maturely weighed and considered in the light of the extreme caution that must be exercised in these cases, are no stronger than in that case; and we must, therefore, take the same course here that was taken there.

Reversed and remanded.