McLEAN *v.* STATE

No. 40479         April 15, 1957         94 So. 2d 231

*L. Percy Quinn,* Jackson, for appellant.

896

*John H. Price, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

HOLMES, J.

The appellant was convicted in the Justice of Peace Court of District 3 of Holmes County, Mississippi of the unlawful possession of intoxicating liquor. He appealed to the circuit court where he was tried de novo and found guilty and sentenced to pay a fine of $400 and costs. He now appeals to this Court.

Among other contentions urged by him for the reversal of the judgment of the court below, he contends that the trial court erred in deying his request for a peremptory instruction and that the verdict of the jury is against the overwhelming weight of the evidence. We consider these two contentions together since both involved a question of the sufficiency of the evidence to support the judgment of conviction.

The State's proof showed substantially the following: On September 13, 1956, W. T. Stubblefield and W. B. Chapman, who were deputy sheriffs of Yazoo County, went to Holmes County at the request of Sheriff Andrew P. Smith of Holmes County, presumably to aid in apprehending violators of the liquor law. Upon arrival in Holmes County they went to Sheriff Smith's office and Sheriff Smith gave them $10.00. They then drove out to a place called Mandy's Place, which appeared to be a service station. On the inside of the place there was a counter, tables and a juke box. Stubblefield and Chapman walked in the door and turned to the right and took a seat at the counter and ordered two cans of Falstaff beer. The appellant, Earl McLean, was behind the counter and waited on them. They sat and talked awhile and drank the beer and Stubblefield ordered another beer. The appellant again came to wait on them and Stubblefield asked the appellant if he had any whiskey and he said that he didn't have anything but V. O. and that it was $3.00 a pint. The appellant then left the presence of Stubblefield and Chapman and remained away from five to twenty minutes and came back with two pints of

whiskey. The appellant reached under the counter and got a sack and put the whiskey in it and delivered it to Stubblefield and Stubblefield paid him for it. The witnesses Stubblefield and Chapman positively identified the appellant as the man who had waited on them and who had sold them the whiskey. This transpired at about 3:40 o'clock P. M., and, according to the testimony of Stubblefield, he labelled the bottles of whiskey at the time, noting thereon that they had been bought at Mandy's Place. Stubblefield and Chapman brought the whiskey to Sheriff Smith.

The appellant wholly denied that he had waited on Stubblefield and Chapman on the occasion in question, and wholly denied that he had sold them any whiskey, or that he had any whiskey in his possession, and stated that during the time that Stubblefield and Chapman were in Mandy's Place he was on the outside listening to a ball game, and only went in Mandy's Place once or twice for the purpose of getting a drink of water. He introduced several witnesses who testified that they were in Mandy's Place at the time of the arrival there of Stubblefield and Chapman and that they heard Stubblefield and Chapman order beer but did not hear him order any whiskey and did not see the appellant deliver to Stubblefield and Chapman, or either of them, any whiskey, and did not see Stubblefield and Chapman leave there with any whiskey. They further testified that Doc Weems was waiting on the counter at the time and that Doc Weems had waited on Stubblefield and Chapman when they ordered the beer.

██ ██ It is manifest from a consideration of the foregoing testimony that the evidence was conflicting and created an issue of fact for the determination of the jury. We are of the opinion that the jury's verdict is amply supported by the evidence and that the judgment

of conviction is not contrary to the overwhelming weight of the evidence.

It is the position of the appellant that the State's proof shows only a sale of whiskey and does not constitute proof of the unlawful possession of liquor, and that at most it shows only a fleeting or shadowing control over the whiskey by the appellant. The appellant relies upon the case of Anderson v. State, 132 Miss. 147, 96 So. 163, and other prior decisions of this Court of like import, holding that the possession contemplated by the statute is a substantial possession and not a passing control fleeting and shadowy in its nature. The appellant argues that assuming that Stubblefield and Chapman bought the whiskey from McLean, it was merely a hand to hand transaction and that such proof was insufficient to establish the character of possession contemplated by the statute. The fallacy of the appellant's position and argument is that the State's proof goes further than the mere establishment of a sale. Stubblefield and Chapman inquired of McLean, according to their testimony, if he had any whiskey, and McLean said that he had only V. O. which was $3.00 a pint. McLean then disappeared and shortly thereafter returned with two half pints of whiskey and delivered the same to Stubblefield and Chapman and received the money therefor. While it is true that this proof establishes a sale, it goes further than that. It was, in our opinion, sufficient to warrant the jury in concluding beyond a reasonable doubt that the appellant was in possession of whiskey and that the two half pints which he delivered to the State's witnesses were taken from a store of whiskey which was in the appellant's charge or control. It was not required of the State to prove that appellant's control or possession of the whiskey was exclusive, or that the appellant owned the whiskey. Holley v. State, 144 Miss. 726, 111 So. 139; Jones v. State, 152 Miss.

216, 119 So. 174. The fact that the State's proof in this case also shows a sale is not sufficient to meet the charge of unlawful possession. The question here presented is whether or not the proof is sufficient to establish the unlawful possession. We are of the opinion that the proof was amply sufficient to support the verdict of the jury, and that the judgment of conviction is not contrary to the overwhelming weight of the evidence.

We have carefully reviewed the appellant's other assignments of error and we find therein no cause for the reversal of this case. The judgment of the court below is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie,* JJ., concur.