17839

STATE, Respondent, v. Buddy CUNNINGHAM, Appellant
(122 S. E. (2d) 289)

H. C. *Miller Esq.*, of Anderson, *for Appellant.*

*James R. Mann, Esq., Solicitor,* of Greenville, *for Respondent,*

October 23, 1961.

OXNER, Justice.

Appellant was tried on an indictment charging him (1) with manufacturing alcoholic liquors, and (2) with unlawfully having "in his possession one case of fruit jars, being apparatus, appliances, or devices to be used for the purpose of manufacturing alcoholic liquors." At the conclusion of the evidence he made a motion for a directed verdict as to both counts, which was refused and the case submitted to the jury. He was acquitted by the jury on the first charge mentioned and found guilty on the second. A motion to set aside the verdict was refused. From the sentence and judgment of the Court, he has appealed and by appropriate exceptions contends that the evidence is insufficient to sustain his con-

viction and, therefore, there was error in refusing his motion
for a directed verdict.

The count in the indictment upon which he was convicted
is based on the following sections of the 1960 Cumulative
Supplement to the 1952 Code:

"4-103.1. It shall be unlawful for any person in this State
to manufacture, sell, give away or have in possession any
distillery, commonly called a still, or any integral part there-
of, or any apparatus, appliance, device or substitute therefor,
to be used for the purpose of manufacturing any alcoholic
liquors, in violation of any of the laws of this State.

"4-103.2. The unexplained possession of any part or
parts of any still, apparatus or appliance, or any device or
substitute therefor, commonly or generally used for or that
is suitable to be used in the manufacture of prohibited alco-
holic liquors shall be prima facie evidence of the violation of
Section 4-103.1."

Appellant offered no testimony. That of the State may be
summarized as follows:

On Sunday afternoon, September 18, 1960, the Sheriff
of Pickens County and one of his deputies located a still in
the western part of the county about six or eight hundred
yards from the home of one R. C. Ellenberg. Appellant did
not live in this area. No one was at the still but one of the
officers said it "was all set up, ready to go, all it liked was
bringing the fuel in to fire the boiler with. The mash beer
was ready to run; all it liked was just toting the supplies."
There was a trail leading from the still to Ellenberg's home.
The officers concealed themselves nearby in the woods.
Shortly after dark another Pickens County officer joined
them. About 10:00 or 11:00 o'clock that night they saw
three people with flashlights coming from the direction of
Ellenberg's house to the still. It was too dark to recognize
them but they heard them drop their supplies and start work-
ing at the still. After about an hour, two of them went back
toward the Ellenberg house, returning in fifteen or twenty

minutes. When about 300 yards from the still, these two men saw the officers and ran. One of them was carrying a case of new empty half-gallon fruit jars on his shoulder and another case under his arm. He dropped the fruit jars as he ran and in a short distance was caught by the officers. This was appellant. The other man escaped. Appellant was then left in custody of the Sheriff and the other two officers proceeded toward the still. As they did so, appellant yelled "the law's a-comin' ". The officers found no one at the still but it was "still fired up", "was going full capacity" and "was just beginning to run whiskey." Thereafter the three officers took appellant to the Ellenberg house where they found four cases of empty fruit jars in an automobile with a North Carolina license tag. Appellant admitted that he owned this car. Six more empty half-gallon fruit jars were found in an outhouse near the Ellenberg home.

Notwithstanding the fact that there is evidence strongly warranting a conclusion that appellant was a participant in the operation of this still, he was acquitted by the jury of manufacturing. All that is left is the fact that when about 300 yards from the still and proceeding in that direction, he was caught with two cases of empty fruit jars. The State's contention is that these fruit jars were to be used as receptacles for the liquor as it ran from the condenser of the still and as such would be an "apparatus, appliance, or device" to be used for the purpose of manufacturing liquor. We need not decide whether possession of the fruit jars for this purpose would constitute a violation of the statute. It is sufficient to say that although the officers testified that this still was in full operation, the record is wholly silent as to what type of receptacle was being used to receive the liquor as it came from the condenser. The operators may have used a tub or barrel for this purpose. In fact, there is no evidence that fruit jars are suitable for use in manufacturing liquor. They are certainly not specifically designed for that purpose and are in common use in many if not most homes for other purposes. See *Perkins v. State,* 141 Miss. 640, 107 So. 15;

*Hawkins v. Commonwealth,* 138 Va. 751, 120 S. E. 854. The jury having exonerated appellant of having any connection with the operation of the still, the most that can now be said against him is that he was taking the fruit jars to the still for the purpose of transporting liquor already manufactured. Such use, however, would be for the purpose of transporting and not manufacturing and, therefore, not within the statute.

Judgment reversed and the case is remanded for the direction of a verdict of not guilty under Rule 27.

TAYLOR, C. J., and LEGGE, Moss and LEWIS, JJ., concur.