SHAW v. STATE

No. 42851          March 9, 1964          161 So. 2d 629

*Lawrence D. Arrington,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

*Ethridge,* J.

D. W. Shaw, appellant, was convicted in the Circuit Court of Forrest County of the possession of integral

parts of a whiskey still, and sentenced to serve three years in the state penitentiary. Mississippi Code 1942, Rec., section 2632 makes it a felony for any person "to own or control or have in his or its possession any distillery commonly called a still or any integral part thereof."

Appellant contends the state did not show the constituent elements of the offense, and he is entitled to a peremptory instruction or in the alternative a new trial. Section 2632 requires the state to prove that defendant (1) knowingly (2) had in his possession (3) an integral part of a still.

On April 16, 1963 at 9:00 a.m., a constable stopped an automobile driven by Mrs. Laura N. Stanley and also occupied by Shaw. They were driving north on U. S. Highway 49 twelve miles south of Hattiesburg. The northbound portion contains two lanes. The car was weaving back and forth between the lanes, and there was other traffic. Moreover, the week before the constable had seen this car with another license tag on it. So, he stopped it and arrested Mrs. Stanley for reckless driving and an improper tag. Shaw got out, came around the back, and opened the trunk. In it the constable found a two-gallon copper bucket known as a thumper, which is put between the still and the condensing unit. If the fire gets too hot or any mash comes out, it falls into the thumper. The name is derived from the sound which is made when the still is in operation, and the mash drops into the bucket. Copper is necessary for a thumper to prevent lead poisoning.

The trunk also contained two links of copper hose or pipe, which are usually used in a still between the thumper and condenser. In the back seat of the car the constable found a copper radiator with links of pipe sticking out from the top and bottom for attachment to pipes or coils. This is used in a still for the cooling or condensing system, and is submerged in cold water with

the steam coming through it. Upon seeing this equipment, the constable arrested Shaw for possession of integral parts of a still. Shaw was not driving, but he opened the trunk before he was arrested. Shaw told the constable that he would rather "take the rap" than the woman, and to let her go.

The constable, and two agents of the Alcohol Tax Unit, U. S. Treasury Department, who were experienced in detecting the illegal manufacture of intoxicating liquor, testified that the items found in the car definitely constituted integral parts of a still. Apparently the equipment was new, and had not been used. The state's witnesses denied that it would be used in assembling a cotton duster, or as a condenser for a small sawmill. They had never seen a copper radiator used for any purpose other than a whiskey still.

An automobile dealer in Gulfport testified that in November 1962 he sold the car occupied by the defendant to Ruth Neal Loflin, who was the same woman as Mrs. Stanley. Shaw was with her then. Defendant did not testify. His only witness was a cotton farmer who said this equipment could be used in the rigging of a cotton duster, and the radiator could also be used in a small sawmill to cool an engine. The witness had never seen a whiskey still, and would not deny it would ordinarily be used for that purpose.

The great weight of the evidence supported the finding of the jury that the four units found in the car were integral parts of a whiskey still. The ATU agents, who had observed hundreds of them, said they had never seen copper units of this type used in anything other than stills. These items were not articles of common domestic use, in which event the evidence must show either that they had been used in the production of intoxicating liquor or were about to be so used. See Grice v. State, 167 Miss. 771, 150 So. 659 (1933).

Furthermore, the evidence supported the finding that defendant was in the conscious possession of these integral parts of a still. Instructions granted him told the jury that it must find defendant knowingly and wilfully allowed these units to come under his conscious control and possession. ■■ ■ However, possession may be established by circumstantial evidence, and by inferences from the evidence. 48 C.J.S., Intoxicating Liquors, § 366, p. 545; 30 Am. Jur., Intoxicating Liquors, §§ 59, 365. ■■ ■ Nor is it necessary to prove exclusive possession. Holley v. State, 144 Miss. 726, 111 So. 139 (1927); Jones v. State, 152 Miss. 216, 119 So. 174 (1928). ■■ ■ Hence one may be liable for unlawful transportation of intoxicating liquor, although he is not the driver of the vehicle. 48 C.J.S., Intoxicating Liquors, § 269. ■■ ■ Knowing possession of the proscribed commodity jointly with another is a possession condemned by the statute.

■■ ■ Here the evidence reflected that Shaw was with the woman when she purchased the car; that within a week before it was stopped by the constable, Mrs. Stanley, who purchased it under another name, had a different license tag on the car; and that the constable had the right to stop her for reckless driving. When he did, Shaw got out of the car, opened the trunk, and stated that he would rather "take the rap" than for the woman to do so, and to let her go. From all of these circumstances, the jury could infer that Shaw knew these integral parts of a still were in the vehicle, and he was at least in joint possession of them along with the woman.

Affirmed.

*Lee, C. J., and Gillespie, Rodgers and Patterson, JJ.,* concur.