## BROWN *v.* STATE.

(Division A. Nov. 8, 1937.)

[176 So. 721. No. 32774.]

**J. H. Daws,** of DeKalb, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney General, for the State.

**McGehee, J.**, delivered the opinion of the court.

Appellant was convicted in the circuit court of Kemper county under an indictment charging him with unlawfully having in his possession and under his control intoxicating liquor, and was sentenced to pay a fine of $150 and to serve a term of forty-five days in the county jail. There was sufficient testimony to sustain the verdict of the jury on this issue of fact, and the only question presented by this appeal is the admissibility of the evidence in regard to the discovery and seizure by the officers of the liquor in question.

The sheriff, accompanied by a constable, was driving in an automobile at night, and upon entering United States highway 45 in Kemper county from a side road they observed the automobile of the appellant in front of them traveling in the same direction, without having a license tag on the rear end of the car as required by law. Thereupon these officers, without knowing who the owner or driver of the car was, drove up by the side of it, announced that they were officers, asked the appellant to stop, and told him that they wanted to see about his license tag. Instead of stopping, appellant undertook to get away. The officers pursued his car, overtook it, and turned their car across the road ahead of him in order to force his car to stop. Appellant then drove the car around them and proceeded on down the road, finally turning off the highway into a byroad for a distance of about 150 yards, where his car was again overtaken and caused to stop. Thereupon the officers got out of their car and saw two other persons run across a field with some jugs of liquor in their hands. In the meantime, the appellant had gone to the rear of his car and was throwing some gallon jugs of whisky on the ground which he was removing from the rumble seat of his car. The sheriff testified that up to that time they were trying to

overtake the appellant and arrest him for his violation of the state license tag law, and both the sheriff and constable testified that they saw the liquor which was thrown out of the car by the appellant before any search of the car was made. In fact, it is not clear from the evidence that the car was ever searched at all.

Section 5613, Code 1930, as amended by chapter 135, section 9, Laws 1932, requires that a license tag be displayed at the rear of all automobiles, and section 5621, Code 1930, provides that, if a person operates an automobile without such license tag so displayed, he "shall be guilty of a misdemeanor, and upon conviction, shall be punished by a fine of not less than ten dollars ($10.00) or of not more than one hundred dollars ($100.00) or by imprisonment in the county jail for not more than thirty days, or by both such fine and imprisonment, for such offense."

We are therefore of the opinion that the officers had authority under the law to pursue the appellant for the purpose of overtaking and arresting him for this misdemeanor committed in their presence, and that the intoxicating liquor found in his possession while they were in pursuit of this lawful purpose was not illegally obtained, and that such liquor and the testimony of the officers in regard to the discovery thereof was admissible as evidence against him.

Affirmed.