MAPP v. STATE.*

(Division B.    Dec. 12, 1927.)

[114 So. 825.    No. 26602.]

1. ARREST. *Criminal law.   Officer, with information of felony, con-
stituting probable cause, may go on premises to arrest without
warrant; probable cause for going on premises without warrant
to arrest for, or to prevent, felony, is judicial question for court;
officer's opinion as to whether information constituted probable
cause for going on premises without warrant to arrest does not
of itself justify admission of evidence; facts on which officer acts*

*in going on land without warrant to arrest for or prevent, felony, must be sufficient to satisfy court's judicial mind.*

Where a felony has been committed, or is being committed, and information is received by an officer of law that such crime has been, or is being, committed, and where such information is sufficient to constitute probable cause, the officer may go upon the premises where the crime is being committed for the purpose of making an arrest of the person engaged in the commission of the felony without having a warrant; but probable cause is a judicial question for the decision of the court when the evidence is offered in such case, and the officer's opinion of whether it is probable cause is not sufficient of itself to justify the admission of the evidence. The facts upon which the officer acts must be sufficient to satisfy the judicial mind of the court in such case.

2. CRIMINAL LAW. *Where evidence, obtained by arrest without warrant, is offered, defendant may question officer concerning source and nature of information on which he acted, including informant's name.*

Where an officer acts upon probable cause without a warrant, when such evidence is offered in the prosecution of the person arrested therefor, the defendant has the right to interrogate the officer in open court as to the source and nature of the information obtained, including the name of the person or persons from whom received.

3. ARREST. *Searches and seizures. If possible, officer should obtain warrant before arrest or search, though he may not be compelled to do so in all cases.*

An officer in enforcing the law should follow the law in doing so, and, where it is possible to obtain a warrant in advance of the arrest or search, the officer should first obtain a warrant, although he may not be compelled to do so in all cases.

---

*Corpus Juris-Cyc. References: Arrest, 5CJ, p. 399, n. 77; p. 400, n. 84 New; p. 419, n. 14 New; Criminal Law, 16CJ, p. 571, n. 93; Searches and Seizures, 35Cyc, p. 1266, n. 12 New. On the question of probable cause in making arrest without a warrant, see annotation in 51 L. R. A. 225; 2 R. C. L. 450 et seq., 4 R. C. L. Supp. 111; 5 R. C. L. Supp. 98; 6 R. C. L. Supp. 95.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Attley Mapp was convicted of attempting to manufacture intoxicating liquor, and he appeals. Reversed and remanded.

*Percy M. Lee,* for appellant.

The court erred in permitting the witnesses to testify as to the facts disclosed by a search of the appellant's premises where they had no search warrant for that purpose. Article 4, U. S. Constitution; sec. 23, Constitution of Miss.; *Tucker* v. *State,* 90 So. 845; *Faulkner* v. *State,* 98 So. 691; *Helton* v. *State,* 101 So. 701; *Crick et al.* v. *State,* 105 So. 465; *Gardner* v. *State,* 105 So. 475; *State* v. *Messer,* 108 So. 145; *Donivan Moore* v. *State,* 103 So. 483.

The court erred in refusing to permit appellant to ascertain source and nature of information. *McNutt* v. *State,* 108 So. 721.

*Rufus Creekmore,* for appellee.

Under the circumstances it was unnecessary for the officers to have a search warrant. *Kennedy* v. *State,* 139 Miss. 579, 104 So. 449.; *Pickett* v. *State,* 139 Miss. 529, 104 So. 358; *Hughes* v. *State,* 105 So. 640; *Love* v. *State,* 142 Miss. 602, 107 So. 667.

Counsel next insists that the court was in error in refusing to permit the appellant to ascertain from the officers the name of the person from whom their information was obtained, citing in support of this proposition the case of *McNutt* v. *State,* 143 Miss. 347, 108 So. 721. The McNutt case held that the question of probable cause and the sufficiency of the evidence to constitute it are judicial questions to be determined by the court, and that the court should judicially pass upon this question in the absence of a jury, so as to determine whether or not the officers did in fact have probable cause to make the search.

In the case at bar the court did permit in the absence of the jury this inquiry to be made by counsel for the defendant. The constable had information from what he regarded a reliable source that a felony was being committed. Cross-examination by counsel shows that this information was to the effect that a barrel of beer

was in the woods on the old Majors place, and that they went to that particular place for the purpose of arresting the parties who were going to run it off into whisky. He testified that he did not go to make a search but only to make the arrest. The objection of counsel seems to be that the court refused to require the official to give the name of the person from whom he received this information. While it probably would have been proper for the court to have permitted the officer to answer this question, yet it cannot be said that his failure to do so constitutes reversible error. If the court was satisfied judicially that the officer did have probable cause to believe that a felony was being committed, then it was proper for him to have admitted the evidence of the officers.

In passing on this question of probable cause, the court sits as a jury in effect and he determines from the facts and testimony that is offered before him whether or not this probable cause did exist. In the case at bar he has settled this question of fact and has determined that probable cause did exist, such as would warrant the officer in believing that a felony was being committed or had been committed, and therefore, was justified in making an arrest without a warrant.

Argued orally by *Percy M. Lee,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Mapp, was indicted and convicted for an attempt to manufacture intoxicating liquor, and sentenced to a term in the state penitentiary, from which he prosecutes this appeal.

The evidence was procured by an officer without a search warrant or warrant for the arrest of Mapp, and, when this evidence was offered by the state, it was ob-

jected to by the appellant on the ground that it was illegally obtained. Thereupon evidence was taken before the trial judge, in the absence of the jury, in which evidence it appeared that the constable of Leake county and the constable of Scott county, Miss., received information that there was a still and a barrel of beer on the premises, known as the Majors place, near the line between Scott and Leake counties. Acting upon this information, the two constables in company with two other men acting as deputies, without a warrant of any kind, went upon the premises described, and there found Mapp and another man engaged in firing up a still. Near the still was a barrel of beer which had reached the stage of fermentation for distilling. Thereupon Mapp was arrested, and the still and the beer destroyed.

One of the witnesses for the state testified as follows in reference to the information acted upon:

"Q. How come you there—what did you go there for? A. Went there to arrest him for making this whisky.

"Q. I will ask you if you had any information he was there making whisky before you went there? A. Yes, sir.

"Q. Did you have information from what you regarded a credible source that the defendant was engaged in making whisky? A. Yes, sir.

"Q. I will ask you if you had any trouble in finding it? A. No, sir.

"Q. You didn't have to make a search? A. No, sir.

"Q. Why? A. Because, when we advanced to the place, they had a big fire around the still, and they were there at work.

"Q. Was that fire at the still at the place where the information led you? A. Yes, sir; it was."

Cross-examination:

"Q. What was this information that you had? A. We had the information that he was going to run this brew off at this particular place.

"Q. You had information there was a barrel of beer in the woods? A. Yes, sir.

"Q. That's the information you had? A. Yes, sir; that's the information we had. . . .

"Q. Who did you get the information from? A. From a reliable source.

"Q. What was that? A. I don't think without the court makes me do it it is necessary for me to tell.

"Court: 'The policy of the law is not to protect crime, but to protect people. If a man gives information to an officer in confidence, and requests that his name not be recalled, I don't think it should be required. (Exception.)

"Q. Clay, this was the J. M. Majors place where the negro was living? A. Yes, sir.

"Q. You had information there was a barrel of beer over there? A. Yes, sir.

"Q. I will ask you if you got Pete Mundy and Marion Lyle and Lloyd Bennett to go with you? A. Well, we all got there.

"Q. You were the man in charge—you were constable? A. Yes, sir.

"Q. If you had not had their assistance, you would have called on them to help you? A. Yes, sir.

"Q. You did call on them? A. Yes, sir.

"Q. They were your deputies? A. Yes, sir.

"Q. They didn't give you this information? A. As I said a while ago, I wouldn't call any name in this.

"Q. They didn't give you the information, did they? A. I told you awhile ago I wasn't going to tell you who give it to me."

The other constable was examined along the same line, and testified practically to the same effect. The witnesses acting as deputies to these constables stated that they received their information from the constables.

The court overruled the objection to the evidence, and admitted it over the exception of the defendant. One of the assignments of error is that the court erred in refusing to permit the defendant to ask the witness, and

have him answer, from whom he obtained his information. As stated above, the court's ruling was to the effect that the witness would not be required to answer as to who gave him the information that the whisky was to be manufactured at the place described.

It was further shown in evidence that the defendant, Mapp, had leased the Majors place; a note having been introduced showing the lease of this place to the defendant. It seems that this place belonged to a lumber company, and was rented to Mapp through its agents who handled such matters. Upon examination, the agent testified that he intended to rent only the cultivable part of the land, but the note introduced in evidence, which is the contract between the company and the tenant, did not restrict the tenant to any part of the Majors place.

It will be seen from the statement of facts and the testimony quoted herein that the witness acted upon information that he considered reliable, but that he refused to answer from whom he obtained the information; the court holding that it was not necessary for him to divulge such information. It is well established in law that, where a felony has been committed, or is being committed, and information is received by an officer of the law that such crime is being committed, and such information is sufficient to constitute probable cause, the officer may go upon the premises for the purpose of making an arrest of the persons engaged in the commission of the felony without having a warrant therefor, but the probable cause which will support such an act on the part of the officer is a judicial question for the decision of the court. Whenever evidence so procured is offered in the trial, the officer's opinion of whether it is probable cause is not sufficient of itself to justify the admission of the evidence. The facts upon which the officer acts must be sufficient to constitute probable cause, and this is a judicial question for the decision of the court. *McNutt* v. *State,* 143 Miss. 346, 108 So. 721; *King* v. *State* (Miss.),

113 So. 173; *Holley* v. *State,* 144 Miss. 726, 111 So. 139; *Ingram* v. *State* (Miss.), 111 So. 362; *State* v. *Messer,* 142 Miss. 882, 108 So. 145; *Chrestman* v. *State* (No. 26593; Miss.), 114 So. 748, decided December 5, 1927, not yet [officially] reported.

We think the defendant had a right to propound the question to the witness, and have it answered, as to where he obtained the information. This inquiry might have been followed up by others eliciting exactly what was said and the character of the person giving the information; and other pertinent questions showing the nature of the information communicated might also have led to the examination of the informant, who might have contradicted the officer with reference to the information given. The immunity from unreasonable search, seizure, and arrest is one of the most valued liberties afforded and secured by our Bill of Rights under the state and Federal Constitutions. And these liberties secured tend to promote peace and order—consequently, the welfare and prosperity of the whole state. While communicating information to officers of the knowedge of a commission of crime by a citizen is commendable, such person making the communication and such officer acting upon it ought to be willing to face the issue resulting from acting upon such information. Where an officer acts without a warrant, he must, under the law, justify his action, and he cannot avoid doing so on the theory that to do so would violate any confidence or confidential communication. The rights of others are involved in such proceedings, and the court should obtain possession of all the information available, standing as nearly as possible in the place of the officer, and judging from the facts which the officer possessed, before it decides the sufficiency of the information to constitute probable cause.

It is regrettable that persons engaged in the commission of crime, especially of the character here involved, which is a practice of commercializing the weakness of other people and destroying their moral qualities, we

cannot separate criminals from other citizens in the enjoyment of their rights. In order for a constitutional right to be secured to any person, it must be secured to all persons under the equal protection clause of the Federal Constitution. Crime has always existed, and will probably continue to exist until the Millennium, but the constitutional liberties secured have not always existed, invaluable though they are to every person, and, to preserve them to ourselves and posterity, we must adhere to the law securing them, and make it accomplish the purpose for which such law is given. An officer enforcing the law is under duty to so enforce it according to law. In such case it is, usually, an easy matter to procure a warrant for an arrest or search from a competent officer; and it is always advisable, though under some circumstances an officer may act without a warrant, to resort to one where it can be done. It is unsafe to take risks of this kind. In the present case, we think it is probable that, should the witness have been permitted to answer the question and give the information upon which acted, the result would have been the same. But certainly the defendant was entitled to a full disclosure of the facts up-on which the officer acted before the evidence against him was receivable.

For the error in refusing to allow the witness to be interrogated and to answer the question along the lines mentioned, the judgment of the lower court must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*