FORD *v.* CITY OF JACKSON.*

(Division B.   April 1, 1929.)

[121 So. 278.   No. 27564.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1110, p. 571, n. 93; Witnesses, 40 Cyc, p. 2391, n. 9. As to sufficiency of showing of probable cause for search for intoxicating liquor, see annotation in 3 A. L. R. 1517; 13 R. C. L. 1318; 27 A. L. R. 742; 39 A. L. R. 835; 24 R. C. L. 707; 4 R. C. L. Supp. 1552; 5 R. C. L. Supp. 1295; 6 R. C. L. Supp. 1434.

*C. O. Jaap* and *Geo. L. Teat,* for appellant.

*Louis M. Jiggitts,* for appellee.

*Powell, Harper & Jiggitts, amicus curiæ.*

ANDERSON, J. Appellant was convicted in the police court of the city of Jackson of the crime of unlawfully possessing intoxicating liquor and fined one hundred dollars and sentenced to serve thirty days in the city jail. From that judgment appellant appealed to the county court of Hinds county, where there was a trial *de novo* resulting in a verdict and judgment against appellant. The county court imposed the same punishment as did the police court. From that judgment of the county court appellant appealed to the circuit court of Hinds county, where the judgment of the county court was affirmed. From that judgment of the circuit court appellant appeals to the supreme court.

Appellant was driving in his automobile in the streets of Jackson in the nighttime. J. D. Dickson, a policeman of the city, testified that he had reason to suspect that

appellant had intoxicating liquor in his car; that he and another policeman, in an automobile, pursued appellant for the purpose of overhauling and searching appellant's car for intoxicating liquor and arresting him if liquor was found in his car; that appellant soon realized that he was being pursued, and speeded up his car to get out of the way of the policemen; that while being so pursued appellant threw a pint bottle out of his car, which was broken when it came in contact with the ground; that the witness Dickson then got out of his car, picked up a piece of the broken bottle, held a lighted match to it which caused the contents to burn, and for that reason he testified, in his judgment, the bottle contained intoxicating liquor; and that thereupon the policemen pursued appellant further, arrested him and searched his car, and there found eight pints of whisky.

To sustain the conviction the city relied solely on the evidence of the policeman Dickson. The arrest of appellant, and the search of his car, were made without either a warrant for the arrest or the search. Appellant objected to the evidence against him upon the ground that it had been illegally secured, which objection the court overruled. That action of the court was the only alleged error assigned and argued by appellant. The city sought to justify the search of the car upon two grounds, namely: That the officers making the search had probable grounds therefor, and if mistaken in that position, that appellant's possession of the liquor was discovered by the officers without a search—in other words, that the crime was committed in their presence.

To sustain the first ground, Policeman Dickson testified that the reason appellant's car was pursued, overhauled, and searched was that he had been informed by reliable persons that appellant was handling whisky on Roach and Lynch streets in the city of Jackson. On cross-examination the witness was asked to give the names of the persons from whom he got such informa-

tion. To this question the city objected, and the objection was sustained by the court, to which action of the court appellant excepted. In *Perry* v. *State,* 150 Miss. 293, 116 So. 430, the court held that an officer undertaking to search an automobile for intoxicating liquor under section 2, chapter 244, Laws of 1924, Hemingway's Code of 1927, section 2239, without a search warrant, was not the final judge of whether there was probable cause for the search; that his opinion as to the sufficiency of the information upon which he acted was not the final word upon the subject; that the question was one for the court to decide; and furthermore that the defendant was entitled to know the source of the officer's information upon which he acted with a view of challenging its sufficiency as well as the credibility of the officer claiming to have the information constituting probable cause. To the same effect are the cases of *McNutt* v. *State,* 143 Miss. 347, 108 So. 721; *Mapp* v. *State,* 148 Miss. 739, 114 So. 825. Under these decisions, undisclosed information of the officer making the search does not constitute probable cause therefor.

Neither is the second ground, relied on by the city as a justification for the search, maintainable. When appellant threw the bottle of whisky out of his car, he was then being pursued by the officers for the purpose of overhauling and searching his car for intoxicating liquor and arresting him if liquor was found in his car. Appellant was at the time fleeing from the officers for the purpose of preventing such search and arrest; in other words, when the officers discovered the whisky in possession of appellant, the search was in process. The pursuit for the purpose of search was just as much a part of the search as the act of the officers in laying hands upon the car and looking into it for the purpose of discovering its contents. It was held in *Sellers* v. *Lofton,* 149 Miss. 849, 116 So. 104, that an officer making a search of an automobile without a search warrant must have

before the search begins good reason to believe and believe that the law is being violated; that probable cause for the search must exist before the search begins; and that no part of the evidence of probable cause for the search which comes to the knowledge of the officer as the result of the search could have any bearing on the question of probable cause. And it was held in *Butler* v. *State,* 135 Miss. 885, 101 So. 193, that where a policeman who had no warrant for the defendant's arrest, and did not know at the time he undertook to arrest the defendant and search his possessions that the defendant was committing a crime in his presence, fired at the defendant while the latter was fleeing from him which caused the defendant to drop a sack, the policeman's search of the sack without a warrant was unlawful. In the latter case, *Hester* v. *U. S.,* 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898, relied on by the city, was commented on and distinguished.

It follows from these views that the judgment appealed from must be reversed.

*Reversed and remanded.*