## MYERS *v.* STATE.

(Division B.  Nov. 17, 1930.)

[130 So. 741.  No. 28783.]

Frank F. Mize, of Forest, for appellant.

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

The constable of the district received a report that two or three young men were creating a disturbance at or near the residence of the informant, and without a warrant he went at once in quest of the parties. Passing a cafe, the officer noticed a car in front on the streets, which was thereupon pointed out to the officer as the car in which the parties sought had been riding, and the officer, upon inspection, saw that it bore no license tag as is usually required by law. Presently three young men came out of the cafe and came over to the car; and the officer asked whose car it was and who was operating it

Thereupon appellant answered that it was his car, and that he (appellant) was driving it. The officer immediately arrested appellant, and, on searching him, found a bottle of whisky in his overcoat pocket, and on the evidence thus secured an affidavit charging him with the possession of intoxicating liquor was made, and he was convicted on the latter charge.

Objection was seasonably made to the introduction of any evidence in respect to the liquor, because that evidence was discovered as the direct result of an unlawful arrest. The officer testified that he made the arrest both for the disturbance reported to him and for the operation of a motor vehicle without a license. Inasmuch as there is no claim that the alleged disturbance occurred in the presence of the officer, that feature of the case must be laid aside and the inquiry directed to the question whether the arrest without a warrant could be justified on the ground that there was a violation of the motor vehicle law in the presence of the officer.

One of the safest tests, although we do not declare it to be under all circumstances an exclusive test, of when a misdemeanor is committed in the presence of an officer, is whether the officer as a witness could at the time of the arrest of his own knowledge testify to sufficient facts as having happened in his presence to make out a case for conviction, if his evidence were undisputed; and, of course, an admission made to him or in his hearing is sufficient to supply knowledge of those facts competent to be covered by an admission. But no admission or confession can wholly supply the corpus delicti; that is to say, there must presently exist, independently of the confession, the essential facts which constitute the corpus delicti. The question thus narrows itself in this case to the inquiry whether, when an automobile is standing unoccupied in a street without a license tag, these actual, existent facts without more show that a crime under the motor vehicle law is being committed by some person.

Inasmuch as this question must for several obvious reasons be answered in the negative, it follows that the arrest in this case was illegal, and the evidence secured thereby should have been excluded. It is a different case when the defendant admits facts constituting the corpus deliciti, and the facts when then and there examined are found to be actually present and existing, as was the situation, for instance, in Williamson v. State, 140 Miss. 841, 105 So. 479, but that is not the case here. See, also, Heard v. State, 59 Miss. 545; Pitts v. State, 43 Miss. 472; Stanley v. State, 82 Miss. 498, 34 So. 360.

Reversed, and appellant discharged.