## PICKLE *v.* STATE.

(Division A.   April 29, 1935.)

[160 So. 909.   No. 31530.]

**A. B. McCraw**, of Philadelphia, for appellant.

564

**W. D. Conn, Jr.,** Assistant Attorney-General for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted of manufacturing intoxicating liquor. The evidence on which he was convicted was given by the sheriff and his deputies, who were searching the land in the neighborhood of the still when they discovered it and saw the appellant assisting in the operation of it. This evidence was objected to on the ground that it had been unlawfully obtained.

In support of the competency of the evidence, the state says: (1) That the sheriff acted on probable cause; (2) that the still was not located on land owned by or to which appellant had the right of possession; and (3) that the sheriff and his deputies were not on such land when they saw the still and the appellant thereat.

The information on which the sheriff acted was an anonymous letter received by him through the post office. This information was not such as to constitute probable cause for the search.

The land on which the still was located was south of the public road, and was owned by Smith. This land was joined on the south by land owned by the appellant. Smith rented his land to the appellant's brother, S. E. Pickle, who lived on the appellant's land. Under a verbal agreement between them, the appellant and his brother used the Smith land in common; the appellant paying one-half of the rent therefor. The still was located on the land rented from Smith, and it seems reasonably clear from the evidence that the sheriff and his

deputies, when they discovered the still and saw the appellant thereat, were on either the land owned by the appellant or that rented from Smith, to which he had the right of possession. The search was therefore unlawful.

The trial judge in admitting the evidence expressed a doubt as to its competency, which doubt would probably have been removed had he had before him, as we have, the evidence after, it had been transcribed by the stenographer.

The appellant requested the court below to instruct the jury to return a verdict in his favor, but it refused so to do. He now says that we should hold this ruling of the court to have been wrong, and should reverse the judgment and render one here discharging him. The request for this peremptory instruction challenged simply the sufficiency of the evidence that was admitted, but not its competency. Consequently, the court below committed no error in refusing the instruction. It is true that without the wrongly admitted evidence the verdict cannot be sustained, but for aught we know, the state, had the evidence been excluded, might have introduced other evidence to the same effect.

Reversed and remanded.