GAUSE *v.* STATE.

(In Banc.   April 12, 1948.)

[34 So. (2d) 729.   No. 36715.]

**Stone & Stone,** of Coffeeville, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a conviction of Pat Harrison Gause for the unlawful possession of intoxicating liquor. The highway patrolman found the whiskey in the automobile of the defendant after he had chased him off the highway and down a plantation road to a point about a quarter of a mile from the highway.

Section 2615, Code of 1942, authorizes a search of an automobile, without a search warrant, by an officer "who has reason to believe and does believe that intoxicating liquor is being transported in violation of law, in any . . . automobile . . ." This reason to believe and belief

must exist "at the time such search was instituted," otherwise according to the provisions of this statute and Sections 23 and 26 of the State Constitution the evidence obtained by reason thereof is illegal and inadmissible in a criminal prosecution for the possession of intoxicating liquors. Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377.

The patrolman, who was the only witness who testified as to the facts in the case, stated that he did not know who was in the automobile when he turned around on the highway and began chasing the defendant. He could not therefore have had reason to believe, and could not have believed, that the defendant, whom he had not recognized when he began the chase, was transporting intoxicating liquor in the automobile in question. Nor does he claim that he had any information or reason to believe that either the defendant or any other person would be passing with intoxicating liquor in an automobile on the occasion in question.

It seems that the patrolman on that afternoon was stopping all cars checking them for driver's license, by first motioning to the driver to stop; that he turned his own car around and followed the car of the defendant for that purpose, without first motioning to him to stop, and he says that "the reason I let him get by was because I was copying an item in my radio book, otherwise I would have stepped out of my car and motioned him down as he came towards me." The patrolman further stated that "at that time I didn't know who was driving the car and I imagine he was running—," and he finally stated that "he was running at a rapid rate of speed and was sliding and swinging back and forth in the gravel road and as I got up close to him he turned to the left and almost turned his car over and ran through a mud hole about ten feet wide and two or three feet deep and went out through a field, and by that time I was close to him and stopped him about a quarter of a mile off the highway." In other words the testimony shows that

the alleged reckless driving took place during the chase, and for the most part off the traveled portion of the highway.

The reason given by the patrolman for following the defendant's automobile out into the field along the dim plantation road is that he was committing a misdemeanor in the presence of the said officer, to wit, reckless driving; and it must be conceded that if the defendant was in fact committing such offense in the presence of the officer "at the time such search was instituted," the prosecution would have had the right to use the evidence against the defendant in regard to the whiskey being found in the automobile at the time he was placing him under arrest for the alleged reckless driving. The Court so held in the case of Brown v. State, 179 Miss. 696, 176 So. 721, where the officer observed an automobile being driven without a license tag on the rear end thereof as required by law, which constituted a misdemeanor, and where the officer pursued the defendant for the purpose of arresting him for such misdemeanor and found intoxicating liquor in the automobile. But in that case the officer knew a misdemeanor was being committed in his presence. However, in the instant case, when the patrolman began to pursue the defendant he had no reason to believe that he had violated any law or that he was then engaged in so doing. The legal presumption is that the motorist had a driver's license, since it would have been a violation of law for him not to have had one, and the patrolman doesn't claim that he had any information to the contrary in so far as the defendant was concerned.

It is admitted that when the defendant was approaching the patrolman, who had stopped to check automobiles for driver's license, and as he met and passed said officer, the defendant was driving in the proper manner. Nor does he claim that the defendant violated any speed limit during the chase, and his testimony shows that, for the most part, his alleged reckless driving was after he left the traveled portion of the highway as aforesaid and was

arriving at the mud hole, which the patrolman was unable to say was even in the right of way. He further admitted that there were no persons or vehicles on the highway ahead of and in view of the defendant while the latter was driving on and immediately before he left the highway.

Section 8175, Code of 1942, provides, among other things, that "any person who drives any vehicle in such a manner as to indicate either a wilful or wanton disregard for the safety of persons or property is guilty of reckless driving."

We are of the opinion that the enactment of this statute was for the protection of other motorists, pedestrians, and property on the highway, and that since the patrolman was behind the defendant, there was no willful or wanton disregard for the safety of persons or property on the part of the defendant under the facts and circumstances of this case, within the meaning of the statute above quoted from.

Conceding, for the purpose of this decision and for that purpose alone, that the patrolman would have had the right to motion to the defendant, and to any other motorist, to stop in order that he might ascertain whether each of them had a driver's license instead of checking the public records with the license tag in each instance for that purpose, the fact remains that he did not do so, but turned his car around and began to chase the defendant down the highway. Most assuredly, a highway patrolman is not vested with authority to begin chasing a motorist on the highway unless at the time he has good reason to believe, and does believe, that such motorist had violated the law or is violating the law at the time he begins such a chase.

Since our statute, Section 2615, Code of 1942, does not authorize the searching of an automobile for intoxicating liquors without a search warrant, except when the officer has reason to believe and does believe that intoxicating liquors are being transported in said vehicle, and except

where the search is made pursuant to an arrest for some other misdemeanor committed in the presence of the officer, we hold that under the facts of this case the evidence as to the possession of intoxicating liquor was illegally obtained and was, therefore, inadmissible against the defendant under the State Constitution and the decisions of this Court.

Reversed and remanded.