TERRY *v.* STATE

No. 43346          April 19, 1965          173 So. 2d 889

*Robert B. Smith,* Ripley, for appellant.

G. *Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Jessie Terry, appellant, was convicted in the Circuit Court of Lee County of the possession of intoxicating liquor, second offense, fined $500 and sentenced to six months in the county jail. Miss. Code Ann. § 2613 (b) (1956). The question is whether the search and seizure of the liquor in appellant's automobile was valid. This includes the issues of whether there was probable cause for the search when the officers were acting on a tele-

phone call from an anonymous informant, and whether the arrest began before appellant drove his automobile recklessly and at high speed in an attempt to evade the officers.

On the night in question, Sheriff Webb, Deputy Sheriff Moore, and Constable Wilson were together at a truck stop. Wilson obtained information from an anonymous telephone caller that Jessie Terry would be traveling a certain road in his automobile around 4:30 a.m., making a delivery of whiskey. The anonymous information indicated, and the officers thought that this whiskey would be delivered to a particular bootlegger in that vicinity. Accordingly, the three officers parked their car on a side road in the country and waited for Terry to pass in his automobile, the description of which they knew. At 4:20 a.m. a car of that description, given to the constable by the anonymous informer, proceeded down the road headed toward the bootlegger's house. At this time Terry was violating no law. The plan of the officers was for Terry to drive into the bootlegger's yard, and they would then catch him. The officers had no search warrant for appellant's car, and no warrant for his arrest.

Instead of Terry turning into this place, he pulled over to the side of the road, stopped and turned his car lights off. When the officers saw that Terry was not turning into the bootlegger's driveway, they moved on up the road, came into view of Terry's car, and gave a "signal or warning" with two red lights on the front of the sheriff's car. At the time this was done, Terry was not violating any law. The sheriff said when he pulled his automobile into the road toward Terry, he wanted to see what was going on.

With the two red lights shining on the front of the sheriff's car, at night on the country road, Terry started up his car and drove away at a high rate of speed, chased by the officers. He turned over after running

about three miles, and the officers found several cases of whiskey in his vehicle. This was the evidence used in this case.

The sheriff said that after Terry's car passed the bootlegger's house, "I was after the automobile that Mr. Terry was driving from then on." His sole purpose in waiting out there two hours on the night in question was to catch Terry with the whiskey. Asked whether he gave any warning signal to defendant that he was pursuing him, the sheriff said, "I had my red light on, two of them that sets (*sic*) in front of the car." Deputy Sheriff Moore said that two or three minutes after Terry's car passed them, they drove toward the bootlegger's house; that they came up behind him, with the police red lights on the front of their car; and that then Terry, who was stopped, took off in a burst of speed.

Mississippi Constitution article 3, section 23 (1890) provides that the people shall be secure "from unreasonable seizure or search; and no warrant shall be issued without probable cause . . . ." Mississippi Code Annotated section 2615 (1956), recognizing that automobiles provide a particular problem, states that the sheriff and other officers have the power, if they have reason to believe that intoxicating liquor is being transported in violation of law in any automobile, to make a reasonable search of the vehicle, to seize the liquor, and to arrest the person in possession thereof.

However, such search of a vehicle without authority of law must be based upon probable cause, supported by information from a credible person. The facts upon which the officer acts must be sufficient to constitute probable cause, and this is a judicial question for the decision of the court. Defendant's counsel is entitled to know who gave the information, and to obtain a full disclosure of the facts upon which the officer acted, in order to present the issue of whether there was probable cause. Mapp v. State, 148 Miss. 739, 114 So. 825 (1927).

██ █ The information obtained from the anonymous telephone informer did not constitute probable cause for the search made by these officers. Pickle v. State, 172 Miss. 563, 160 So. 909 (1935). They had no search warrant for appellant's car, and did not have the probable cause required by Constitution article 3, section 23 and Code section 2615 to make the search without a warrant.

██ █ Furthermore, no misdemeanor was being committed by appellant in the presence of the officers at the time the arrest and search began. The search begins when the pursuit begins. Smith v. State, 240 Miss. 738, 128 So. 2d 857 (1961); Ford v. City of Jackson, 153 Miss. 616, 121 So. 278 (1929). ██ █ The sheriff had no right to arrest defendant unless it was evident to him at the time that some breach of the peace was being threatened or a crime was being committed in his presence. Miss. Code Ann. § 2470 (1956). ██ █ An arrest begins when an officer begins his pursuit for the purpose of making it. ██ █ If he does not have the authority to make an arrest at the instant he begins his pursuit for that purpose, the fact that the person the officer is pursuing violates a traffic law in making his escape does not thereby authorize the arrest which began unlawfully. Smith v. State, *supra;* Harris v. State, 209 Miss. 183, 46 So. 2d 194 (1950); Gause v. State, 203 Miss. 377, 34 So. 2d 729 (1948); Butler v. State, 135 Miss. 885, 101 So. 193 (1924).

██ █ In the instant case, the officers had been waiting for over two hours on a country road in the early morning hours for a specific person, the defendant. He drove by in his car, not violating the law, and stopped on the side of the highway. The officers then pulled up behind him with the two police, red signal lights on. At that point we think the pursuit of appellant by the officers began. At that point it was essential that they have legal authority to make the arrest and search. They

did not have it, and the trial court erred in admitting the evidence obtained as the result of the search in question.

Reversed and appellant discharged.

*Lee, C. J., and Gillespie, Brady, and Inzer, JJ.,* concur.

GILLESPIE, J., concurring:

I concur in this decision because binding authority of former cases requires that I do so. However, in my opinion, and with deference, I believe there has been too much refinement in the law of arrests and concerning unreasonable searches and seizures. There is authority for the proposition that the arrest in this case began when the officers turned on the red lights of their car. This does not seem to me to be a reasonable rule and I do not think people should be licensed to flee when they see officers approaching on the public highways and in fleeing violate the speed laws and other traffic laws. Officers should have a right to patrol any highway at any time and turn on red lights without justifying others in violating the traffic laws. Therefore, I think the law should be other than what it is, but I yield to authority. In my opinion the law in the areas of arrest and searches and seizures has developed in the abstract without proper regard for the realities officers face in enforcing the law.