233 So.2d 792 (1970)
William T. POLLARD
v.
STATE of Mississippi.
No. 45748.
Supreme Court of Mississippi.
April 6, 1970.
John W. Whitten, Jr., Sumner, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
The appellant, William T. Pollard, was indicted for assault with a deadly weapon with intent to kill and murder. He was found guilty of simple assault by a jury in the Circuit Court of Tate County, Mississippi, and was sentenced to a jail term of six months.
The appellant, 57 years old, was born and reared in Quitman County, Mississippi. He moved to Memphis, Tennessee, 21 years ago and has worked for the DuPont Company there continuously since. He and his wife are the parents of five children, two of them still minors and living at home. He had never been arrested before.
On the afternoon of February 26, 1968, the appellant left Memphis for the Sardis Reservoir to check on the water pipes of his trailer located there. Just before dark he stopped at a truckstop off of Interstate 55 for a cup of coffee. He was not feeling well and put his head down on the steering wheel to rest.
Mrs. Sullivan, a waitress in the restaurant, noticed the appellant in this position through the plate glass window. When Sid Steele, a deputy sheriff of two months, came into the restaurant a short time later, Mrs. Sullivan asked him to check on appellant because she thought he might be ill. Although Steele was not on duty at the time and was dressed in sports clothes to attend a social function, he remarked: "We will lock him up and let him sleep it off just as soon as I get through with this sandwich."
*793 Mrs. Sullivan noticed that the appellant was leaving the parking area and told Steele, who immediately started after appellant in his own car, a 1960 Pontiac Bonneville. This was an unmarked car; however, there were two red lights located about the middle of the front grille. Deputy Steele pursued the appellant up the ramp to the interstate, and then south on Interstate 55. During the chase several pistol shots were exchanged between Steele and appellant. The appellant later stopped, was pulled out of his car and placed under arrest.
The testimony of appellant and Deputy Steele as to what actually happened after Steele began his pursuit is conflicting. However, these facts are not material to a decision of this case.
On the threshold lies the question of whether Steele when he began his pursuit to arrest the appellant had probable cause. At the time Steele made the remark that he would lock him up and let him sleep it off, he had never observed the appellant. The waitress in Tracy's Restaurant had stated that the man had been in the car for some time and that she feared he might be ill. Steele's pursuit was based entirely upon this statement.
This Court is committed to the rule that an arrest begins when the pursuit to make the arrest begins. See Ford v. City of Jackson, 153 Miss. 616, 121 So. 278 (1929). Unless Deputy Steele had probable cause to arrest the appellant when he began his pursuit from the parking lot at Tracy's Restaurant, the arrest would be illegal, and evidence obtained thereby would not be admissible in evidence.
We stated this rule in Smith v. State, 240 Miss. 738, 128 So.2d 857 (1961):

"And an arrest begins when an officer begins his pursuit for the purpose of making an arrest. If an officer does not have the authority to make an arrest at the instant he begins his pursuit for the purpose of making the arrest, the fact that the person the officer is pursuing violates the traffic law in making his escape does not thereby authorize the arrest that began unlawfully, because an officer who attempts an unlawful arrest cannot later arrest a citizen for resisting such trespass. Gause v. State, 203 Miss. 377, 34 So.2d 729; Contee v. United States, 94 U.S.App.D.C. 297, 215 F.2d 324; Graham v. State, Fla., 60 So.2d 186; 4 Am.Jur., Arrest, Sec. 121, p. 76." (Id. at 743-744, 128 So.2d at 859-860). (Emphasis added).
In Terry v. State, 252 Miss. 479, 485, 173 So.2d 889, 891 (1965), we repeated this rule:
"The sheriff had no right to arrest defendant unless it was evident to him at the time that some breach of the peace was being threatened or a crime was being committed in his presence. Miss. Code Ann. § 2470 (1956). * * *"
Deputy Steele did not have probable cause to arrest the appellant at the time of initial pursuit, and proof of subsequent acts of the appellant in resisting this unlawful arrest should have been excluded. Patton v. State, 160 Miss. 274, 135 So. 352 (1931); Myers v. State, 158 Miss. 554, 130 So. 741 (1930). With that evidence excluded, the appellant was entitled to a peremptory instruction.
The judgment of the trial court is reversed and the appellant discharged.
Reversed and appellant discharged.
GILLESPIE, P.J., and JONES, BRADY and INZER, JJ., concur.