420 So.2d 1050 (1982)
William Earl BAYSE
v.
STATE of Mississippi.
No. 53748.
Supreme Court of Mississippi.
September 29, 1982.
Rehearing Denied November 10, 1982.
*1051 Travis Buckley, Dan C. Taylor, Ellisville, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
William Earl Bayse was convicted for the crime of manslaughter by culpable negligence in the Circuit Court of Marion County. As a result, he was sentenced to a fifteen-year term at the Mississippi Department of Corrections. The incident which led to Bayse's conviction occurred when an automobile driven by the appellant collided with two teenagers riding on a bicycle. One of the teenagers was fatally injured upon impact.
The appellant assigns as error:
(1) That the lower court committed error in admitting evidence gained as a result of an alleged unlawful arrest; and
(2) That the lower court committed error in admitting prejudicial hearsay statements made by defendant's wife; and
(3) That the lower court committed error in admitting the testimony of Dr. Arthur Hume, Director of the Mississippi Crime Laboratory, since his testimony was allegedly not based on personal observation; and
(4) That the lower court committed error in granting and refusing various instructions, including a request for a directed verdict.

*1052 STATEMENT OF THE FACTS
On October 13, 1980, at approximately 7:00 p.m., Mason Ford and Benard Smith, two ninth grade children who lived near Columbia, Mississippi, were riding one bicycle, with Mason peddling and Benard riding on the handlebars. They were traveling south on the east side of Highway 13, facing oncoming traffic. Two of their friends were off of the west side of Highway 13, on separate bicycles. Three cars were also traveling south on Highway 13 on the occasion in question, and the third car, driven by the defendant, William Earl Bayse, pulled out into the east lane to attempt to pass the second car. In doing so, Bayse hit Ford and Smith on their bicycle. The testimony conflicted as to whether the bicycle was on or off the paved portion of the highway when struck from the rear. Bayse pulled back into the west lane of traffic without passing the second automobile and traveled approximately 1,320 feet down the highway before stopping to remove the bicycle from the front portion of his car. Without returning to the scene of the accident, Bayse drove home and parked his car in the woods.
The deputy sheriff who investigated the accident obtained car identification information which led him to Bayse's residence, where he first talked to Bayse's wife. Mrs. Bayse told the officer of her husband's recent arrival at home in a drunken condition and of his telling her that he hit something with his car. She also observed that the car windshield had been broken. The deputy sheriff told Mrs. Bayse that he needed to talk with her husband, and she responded by calling her husband to the door. The deputy testified that the defendant "came out ready to go," for "he knew the reason I was there." Further, the officer stated that Bayse's speech was slurred, the smell of alcohol strong, and his walk sluggish. In the officer's opinion Bayse was intoxicated. The officer then asked the defendant, without coercion, during this investigatory period, where his car was and if he had hit somebody. The defendant, upon stating that he had hit somebody, was then placed under arrest by the officer for leaving the scene of an accident, and his Miranda rights were read to him. No further interrogation was conducted by this officer, but, the officer did ask the defendant if he would consent to a breath alcohol test, which the defendant refused. However, the defendant did consent to a blood test which indicated that the defendant was heavily intoxicated at the time of the collision. After the death of Mason Ford, the defendant was charged with manslaughter by culpable negligence.

I.
The first error assigned involves the admission into evidence of the defendant's confession to the deputy sheriff and of the results of the blood alcohol test. Bayse contended that this evidence was the result of an unlawful arrest since he was arrested without warrant for a misdemeanor. Admittedly, if the arrest is unlawful, then the evidence gained as a result must be suppressed. Canning v. State, 226 So.2d 747 (Miss. 1969); Smith v. State, 228 Miss. 476, 87 So.2d 917 (1956); Lewis v. State, 198 Miss. 767, 23 So.2d 401 (1945). Further, section 99-3-7 of the Mississippi Code Annotated (1972) limits the circumstances under which a law enforcement officer may arrest a defendant on a misdemeanor charge without warrant, and the statute provides that such an arrest is legal only when the officer knows that a warrant is in fact outstanding for the defendant, or when the misdemeanor is committed in the officer's presence. See Butler v. State, 212 So.2d 573 (Miss. 1968) (officer cannot arrest individual for misdemeanor not committed in presence except with warrant); Shedd v. State, 203 Miss. 544, 33 So.2d 816 (1948) (arrest without warrant must be justified on ground provided by statute).
With regard to the confession, it is the Court's opinion that the confession occurred prior to the arrest. "An arrest is not consummated until there has been a taking of possession of a person by manual caption, or submission on demand; and although a manual touching is unnecessary *1053 unless there is resistance to an arrest, there must be restraint of a person to establish an arrest." Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965). In the instant case, Officer McCain testified that he did not place Bayse under arrest until he had heard the confession. The defendant offered no evidence to the contrary. Indeed, Officer McCain testified that he had no intention of arresting Bayse at the time he arrived at Bayse's residence. Under these circumstances, it is apparent that the confession occurred prior to the arrest, whether termed lawful or unlawful, and evidence of the confession was properly admitted.
We also conclude that the arrest was lawful and that testimony concerning the blood test results was properly admitted. This conclusion is reached because Officer McCain personally observed the injured bodies at the scene of the accident, he gained information from various witnesses that Bayse's car was involved in the incident, and he heard the confession of the defendant that he was involved in the collision. In Myers v. State, 158 Miss. 554, 130 So. 741 (1930) our Court determined that:
One of the safest tests ... of when a misdemeanor is committed in the presence of an officer, is whether the officer as a witness could at the time of the arrest of his own knowledge testify to sufficient facts as having happened in his presence to make out a case for conviction, if his evidence were undisputed; and, of course, an admission made to him or in his hearing is sufficient to supply knowledge of those facts competent to be covered by an admission. But no admission or confession can wholly supply the corpus delicti; that is to say, there must presently exist, independently of the confession, the essential facts which constitute the corpus delicti. (Emphasis added). [158 Miss. at 556, 130 So. at 741].
Thus, where an officer obtains sufficient facts to establish the corpus delicti of a crime, and he additionally obtains a confession, the "presence" requirement of section 99-3-7 has been met and the officer may arrest the individual for a misdemeanor crime.[1] This same rationale was recently employed by our Court in Gregg v. State, 374 So.2d 1301 (Miss. 1979), wherein we stated:
In the present case there can be no question but that the arrest of the defendant Gregg was a lawful arrest. This is true because when Officer Edmonds first observed Gregg, he was "propped up" against a vehicle on the side of the road; spoke with a thick tongue and had trouble standing; smelled of alcohol; and in Edmonds' opinion was intoxicated. It was under those circumstances that Gregg told Edmonds that he was driving the vehicle which Edmonds observed in the ditch. Upon such facts, the arrest of Gregg was legal. [374 So.2d at 1303].
Since Officer McCain observed the injured bodies at the scene of a vehicular accident moments after it had occurred, and since the driver was not present, McCain had sufficient facts to constitute the corpus delicti of "leaving the scene of an accident." We therefore find no error in this assignment.

II.
On the trial of this cause Officer McCain was permitted, over objection, to repeat all of the statements made by the defendant's wife to him and outside the defendant's presence. Objection was made to this testimony on the ground that it was hearsay testimony and that it violated the confidential communication privilege between husband and wife. Section 13-1-5 of the Mississippi Code Annotated (Supp. 1981) is the applicable statute in this matter insofar as the privilege assertion is concerned and its pertinent parts provide:

*1054 ... Either spouse is a competent witness and may be compelled to testify against the other in any criminal prosecution of either husband or wife for a criminal act against any child, for contributing to the neglect or delinquency of a child, or desertion or non-support of children under the age of sixteen years, or abandonment of children. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both. (Emphasis added).
This statute has been construed as prohibiting the prosecution from calling the defendant's wife to testify against her husband. Wallace v. State, 254 Miss. 944, 183 So.2d 525 (1966); Outlaw v. State, 208 Miss. 13, 43 So.2d 661 (1949). Further, this prohibition extends to introduction of out-of-court statements made by the spouse. Ford v. State, 218 So.2d 731 (Miss. 1969); Caldwell v. State, 194 So.2d 878 (Miss. 1967). See also McCormick's Handbook of the Law of Evidence 168 (2d ed. 1972) (just as spouse cannot betray confidence by testifying in court, he or she may not destroy the privilege by out-of-court statements either). Clearly, in the case sub judice, the statements of the wife to the officer and repeated by him before the jury were inadmissible both on the ground of this privilege as well as on hearsay. The admission of this evidence constituted error.

III.
The defendant's contention that Dr. Hume should not have been permitted to testify as to the results of the blood alcohol test since he did not actually perform the test himself is without merit. His personal supervision of the procedures in the analysis of this blood as shown by this record is more than sufficient to have received the testimony. The court finds no error in this contention.

IV.
There were other errors assigned relating to the instructions of the court. The Court finds that some of these instructions could have been worded with more clarity and succinctness for the jury, but we find no substantial error in their use. Since, however, this case will have to be reversed and remanded for a new trial on the basis of the prejudicial error heretofore discussed in Part II above, the Court suggests the use of a clearer instruction in the retrial of the case.
The appellant also contended that he should have been granted a directed verdict of not guilty. In passing upon a motion for a directed verdict, all evidence introduced by the state is accepted as true, together with any reasonable inferences that may be drawn from that evidence, and, if there is sufficient evidence to support a verdict of guilty, the motion for a directed verdict must be overruled. Wilks v. State, 408 So.2d 68 (Miss. 1981); Taylor v. State, 398 So.2d 1341 (Miss. 1981). In the instant case, for purposes of analyzing the appellant's request for a directed verdict, the witnesses' testimony that the boys were riding three feet away from the road must be accepted as true. Further, Bayse's driving while heavily intoxicated and his failure to aid the victims arguably indicated a wanton disregard of life. Under these circumstances, a directed verdict of not guilty would not be proper.
In conclusion, because of the admission of prejudicial hearsay statements made by the defendant's wife over objection of the defendant, this Court finds that the cause must be reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and ROY NOBLE LEE, HAWKINS, BOWLING and DAN M. LEE, JJ., concur.
BROOM, J., takes no part.
NOTES
[1] The Court also notes that pursuant to section 99-3-7 an officer may arrest an individual when a felony has been committed, and the officer has reasonable ground to believe that the individual arrested committed the felony. Under the facts of this case, the deputy sheriff had sufficient grounds to arrest Bayse for the felony crime of aggravated assault under section 97-3-7 of the Mississippi Code Annotated (Supp. 1981).