739 So.2d 410 (1999)
Richard Vincent CRAIG a/k/a Vinney Craig, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00014-COA.
Court of Appeals of Mississippi.
April 20, 1999.
*411 James W. Amos, Hernando, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE BRIDGES, P.J., COLEMAN, AND IRVING, JJ.
IRVING, J., for the Court:
¶ 1. Richard Vincent Craig was convicted in DeSoto County Circuit Court of possession with the intent to distribute a controlled substance. He was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections with the last thirteen and one-half years suspended. Additionally, he was ordered to pay a fine of $1,000, restitution to Tupelo Crime Lab in the amount of $200, restitution to DeSoto County Metro Narcotics Unit in the amount of $260, and all court costs, to be paid in full within twenty-four months. Aggrieved by his conviction and sentence, Craig presents two issues for our review. The statement of issues is recited verbatim from his brief:
A. THE COURT ERRED IN DETERMINING THERE WAS PROBABLE CAUSE TO RETRIEVE A PACKAGE OF CONTRABAND FROM APPELLANT'S POCKETS BY AGENT CARMON.
B. THE COURT ERRED IN DENYING APPELLANT'S MOTION TO REDUCE THE CHARGE FROM POSSESSION WITH INTENT TO SELL TO SIMPLE POSSESSION MADE AT THE CONCLUSION OF THE STATE'S CASE IN CHIEF AND RENEWED AT THE CONCLUSION OF THE TRIAL.

FACTS
¶ 2. The following recitation of facts is based on the State's proof. Agent Gary Smith of the DeSoto County Metro Narcotics Task Force testified that he paid Ravi Goin, a confidential informant, to purchase methamphetamine (the "substance") from Craig. Agent Smith stated that he had used Goin as an informant in several other cases which resulted in ten to twenty arrests. Goin testified that on March 26, 1997, the night before the buy, he asked Craig to sell him some methamphetamine. Craig agreed to secure the substance. Both Smith and Goin testified that on March 27, 1997, four calls were made from the Citgo station to Craig's pager. Goin made two calls from a pay phone, and the other two calls were made from a cellular phone. Three of the four calls were returned. After the last phone call, Goin told Smith that Craig was en route to pick up and bring the substance to the Citgo Station. The Citgo station is located in the northwest corner of Highway 51 and Nail Road. Goin also gave Smith a description of the vehicle and the route Craig-would take to bring the substance. Smith testified to overhearing Goin's part of the conversation with Craig.
¶ 3. According to Goin and the agents, Craig drove to the parking lot of the Fast Lane, which is in the southwest corner of Highway 51 and Nail Road, and went inside. Fast Lane is located across the street from the Citgo. Goin testified that he alerted the officers that Craig was at Fast Lane. Craig came out of the store, *412 paused for a few moments, looked around and turned to get into his vehicle. Before he could get into his car and before any transaction commenced, the agents approached Craig. Agent Gary Carmon testified that he questioned Craig about having the substance on him, to which Craig denied. Carmon conducted a pat-down search and found the substance, and Craig volunteered a smaller pouch. Craig was then arrested. The defense stipulated to the fact that the substance tested by the crime lab was crystal methamphetamine.

DISCUSSION

A. Did the trial court err in determining that there was probable cause to retrieve a package of contraband from Craig's pockets by Agent Carmon?
¶ 4. The resolution of this issue is dependent upon a determination of whether Agent Carmon had the authority to arrest Craig at the time he searched him. In order to make a felony arrest without a warrant, the officer must have probable cause to believe that (1) a felony has been committed and (2) the suspect to be arrested committed the felony. Abram v. State, 606 So.2d 1015, 1026 (Miss.1992). Probable cause exists where "the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Draper v. U.S., 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Jones v. State, 358 So.2d 414, 415 (Miss.1978). Mississippi case law allows the officer's reasonably trustworthy information to be based on information provided by reliable informants. See Haddox v. State, 636 So.2d 1229, 1233 (Miss.1994); Abram v. State, 606 So.2d 1015, 1028 (Miss.1992); Alexander v. State, 503 So.2d 235, 238 (Miss. 1987); Jones v. State, 358 So.2d 414, 415 (Miss.1978). Under these circumstances, the court employs the "totality of the circumstances" approach to determine probable cause. Alexander, 503 So.2d at 238. In the case at bar, the police officers based their actions on information provided by an informant that had given them reliable information in the past. They also witnessed several phone calls made by the informant to Craig setting up the buy. After the conversation with Craig, the informant gave a description of the car and told the police officers the direction from which Craig would come. Even though Craig did not come to the designated buy area, the officers found the designated substance on Craig's person. Based on the totality of the circumstances, the trial judge was correct in finding probable cause to believe that a felony was being committed by Craig, to wit possession of methamphetamine. Possession of methamphetamine with the intent to distribute is a felony. See Miss.Code. Ann. § 41-29-139 (Rev.1993). Additionally, even though the search occurred prior to the announcement by the officer that Craig was under arrest, the arrest had actually occurred because an arrest begins when an officer begins his pursuit to make the arrest. Haddox, 636 So.2d at 1233. Under these circumstances, we find that the search was incident to a lawful arrest and was therefore valid.
¶ 5. Craig contends that Terry v. State, 252 Miss. 479, 173 So.2d 889 (Miss.1965) is controlling in the case at bar. We disagree. In Terry, the police officers arrested the suspect based on an anonymous tip. The police officer based his decision solely on the informant's information. Id. at 484, 173 So.2d 889. The court held that the officer's sole reliance on information provided by an informant was not enough to support probable cause. Id. at 484, 173 So.2d 889. In the case sub judice, the informant was not anonymous, and the agents did not base their entire decision on information provided by the informant. They based their decision, not only on information provided by the informant, but also on their own observations and experiences. They heard parts of conversations *413 between Goin and Craig which indicated a purchase was arranged, and they had confirmation from Goin that the purchased had been arranged. We find no merit in this argument.

B. Did the trial court err in denying Craig's motion to reduce the charge from possession with intent to sell to simple possession?

¶ 6. In reviewing Craig's motion to reduce the charge to simple possession, we must consider the evidence introduced in light most favorable to the State, accepting all evidence introduced by the State as true, together with all reasonable inferences therefrom. Yates v. State, 685 So.2d 715, 718 (Miss.1996). If there is sufficient evidence to support a guilty verdict, the motion must be denied. Id. The intent to distribute can be established by examining the surrounding circumstances. Stringfield v. State, 588 So.2d 438, 441 (Miss. 1991); see Taylor v. State, 656 So.2d 104, 108 (Miss.1995). While the possession of small quantities raises an inference of personal use (Stringfield, 588 So.2d at 441; see Taylor, 656 So.2d at 108), this is not such a case. Craig appeared on the scene in response to the conversation planning the sale, and once stopped, the substance was found on Craig. We are of the opinion that this evidence shows intent. Consequently, we hold that the trial court was correct in finding possession with the intent to distribute.

CONCLUSION
¶ 7. Based on the totality of the circumstances, the trial court was correct in finding probable cause to believe a felony was being committed by Craig when he appeared pursuant to the conversation with Goin wherein Craig agreed to pick up and bring the substance. There was also sufficient evidence to support a finding of possession with intent to distribute. The judgment of the circuit court is affirmed.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST THIRTEEN AND ONE-HALF (13½) YEARS SUSPENDED; FINE OF $1,000, AND RESTITUTION IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.